Sewall, J., and Parker, J.
The constable had authority by law to serve the writ. The defendant appeared. * It was but matter of form, and the court below were justified in granting the amendment, by which the defect is cured.
Thatcher, J.
The writ not being directed to the constable, he had no authority to serve it. The appearance of the defendant was only to take advantage of the defect, and ought not to prejudice him. (a)

Motion overruled.

 [In Campbell vs. Styles, (post.217,) (Wood vs. Ross, 11 Mass. Rep.276,) the Court seemed to consider the direction to the officer as essential to his authority, to serve a process, and Parker, C. J., said, “It may be considered as necessary that there should be a particular direction to the officer, even in cases where his authority to serve is recognized by statute.” And in Brier vs Woodbury, (1 Pick. 366,) the same judge, giving the opinion of the Court, said, “ The first question, in that case, was whether a constable might by law serve a precept in a civil action, which was not directed to such-an officer; ’’ and he adds, “ We think this point well settled in the case of Hearsey vs. Bradbury, and recognized as law in Wood vs. Ross.” “ It ought to appear on the precept itself, that authority was intendea *o be given to the constable on that *92 particular process.” The question then occurs, if the service was a nullity, and void for want of authority in the officer, could an amendment, ex post facto, give it an validity? — Ed.]