## STEPHEN A. ALDRICH *vs.* ABEL ALDRICH.

A warrant for the collection of taxes, properly issued to a collector by a board of assessors, is " a lawful warrant issued by a court of competent jurisdiction," within the meaning of *St.* 1837, *c.* 221, § 1 ; and a person who is arrested on such warrant by the proper officer, for non-payment of taxes, is not entitled, as of right, to the writ of personal replevin, and to be thereby delivered.

A deputy collector appointed, under Rev. Sts. *c.* 15, § 60, by a collector who is also town treasurer, may execute a warrant for the collection of taxes, though he be appointed deputy before the warrant was issued, and though the warrant be directed to the collector only.

A warrant issued by assessors, for the collection of a tax, justifies an arrest, by the collector, of a party on whom a tax is assessed, although he may have received a certificate of discharge under the United States bankrupt act of 1841. The question, whether such certificate releases the party from the tax, cannot be tried in an action against the collector.

WRIT of personal replevin. The case was submitted to the court upon the following agreed statement :

" On the 1st of May 1842, a tax was legally assessed, by the assessors of the town of Mendon, upon personal property of the plaintiff, and payment of the same was duly demanded of him. A warrant for the collection of the taxes, assessed by said assessors, was issued by them to Stephen Taft, treasurer and collector of said town, on the 16th of July 1842, and was, at the time of the service of the writ in this action, in the hands of the defendant, who had been appointed a deputy

collector by said Taft, by a written deputation, dated June 4th
1842.　After said warrant was issued, and before the plaintiff
was arrested, he had filed his petition in bankruptcy, in the
district court of the United States for the district of Massachu-
setts, had been discharged from all his debts existing at the
time of filing his said petition, and had received a certificate of
discharge.　On the day of the service of the writ in this action,
the plaintiff was arrested by the defendant, on the warrant
aforesaid, and was under arrest at the time of the service ot
said writ.　At the time of making said arrest, the said Taft
was not present, and had no part in making it."

　*Chapin,* for the plaintiff.　By *St.* 1837, *c.* 221, § 1, " if any
person is imprisoned, restrained of his liberty, or held in duress,
unless it be in the custody of some public officer of the law,
by force of a lawful warrant or other process, civil or criminal,
issued by a court of competent jurisdiction, he shall be enti-
†led, as of right, to the writ of personal replevin, and to be
thereby delivered."　By § 4 of the United States bankrupt
act of 1841, the plaintiff's discharge and certificate released
him from "all debts, contracts and other engagements," which
were " proveable under this act."　Taxes are not excepted
from the operation of the act, and are proveable under it.
Owen on Bankruptcy, 197.　Archb. on Bankruptcy, (9th ed.)
100, 156, cites *Lloyd* v. *Heathcote,* 2 Brod. & Bing. 388.
ˌ Bl. Com. 158.　The Rev. Sts. *c.* 68, § 1, include taxes
ᴧmong debts.

　The plaintiff having been arrested for not paying a tax from
which he was discharged, his remedy is by personal replevin.
He was not restrained by force of a lawful warrant issued by a
court of competent jurisdiction.　The assessors, who issued
the warrant, were not a court.　Co. Lit. 58 *a.*　3 Bl. Com. 23.
6 Dane Ab. 376.　Rev. Sts. p. 498.　Besides; the defendant
had no authority, under the assessors' warrant, to arrest the
plaintiff.　The warrant was directed to Taft, the treasurer and
collector, who was authorized by Rev. Sts. *c.* 15, § 60, to ap-
point a deputy ; but the deputy could not execute a warrant
ᴧoᴧ directed to him; especially as he was appointed deputy

several weeks before the warrant, on which he arrested the plaintiff, was issued to the collector. See *Hearsey* v. *Bradbury,* 9 Mass. 95. *Brier* v. *Woodbury,* 1 Pick. 362. *Wood* v. *Ross,* 11 Mass. 276. Rev. Sts. *c.* 8, § 39.

*Barton,* for the defendant. The terms, " debts, &c. which are proveable," used in the United States bankrupt act, have the same meaning as in the old English bankrupt acts ; and under those acts, a tax like that now in question seems not to be proveable. See two cases in 1 Atk. 262.

A discharge and certificate, under the United States bankrupt act, § 4, are spoken of as " a bar to all suits ; " but no suit can be brought for taxes, except in special instances. Owen on Bankruptcy, 229, 230. 6 Mass. 44. *Peirce* v. *City of Boston,* 3 Met. 520. In this last case, it was decided that a tax is not a subject of set-off ; it not being a demand founded on a judgment or a contract, within the meaning of Rev. Sts. *c.* 96, § 2. It is only by special statute provision, first made by *St.* 1790, *c.* 42, that persons committed to prison for non-payment of taxes are regarded as debtors, and entitled to a discharge on taking the poor debtors' oath. See act to amend the Rev Sts. § 1.

The case cited by Archbold from 2 Brod. & Bing., shows that the taxes, which were held to be proveable against a bankrupt, were " church and highway rates," which are different from taxes for the support of the government. And it never could have been intended that congress should have power to release state taxes.

The defendant had authority, under the warrant directed to the treasurer and collector, and the power conferred on him as deputy, to arrest the plaintiff. By the Rev. Sts. *c.* 15, § 60, a treasurer, who is also collector, " and his deputies, shall have the same powers as are vested in collectors of taxes." And as there is no provision for directing the warrant to a deputy collector, he cannot have the same power as the collector, unless he can serve the warrant, when directed to the collector only If the objection were valid, (which is denied,) that the defendant could not serve the warrant, by virtue of his written

appointment, because it was made before the warrant issued, yet he might serve it under a subsequent parol deputation. 3 Dane Ab. 62. But even if the defendant was not authorized to serve the warrant, the plaintiff is not entitled to this process. By *St.* of 1786, *c.* 58, *de homine replegiando*, persons " held by distress for taxes " were excluded from its provisions. And there is no reason to suppose that *St.* 1837, *c.* 221, was designed to extend this process to any case not within the former statute.

A board of assessors is a court, within the St. of 1837. Such board has judicial authority as to valuations, may administer oaths, and may hear and determine divers questions brought before them. See Rev. Sts. *c.* 7, §§ 19 – 24, 37, 44. *c.* 23, § 35. 3 Bl. Com. 24. 5 Mass. 559.

*Chapin*, in reply. The cases cited from 1 Atk. 262 were decided on the ground that a surety, against whom an extent of the crown is taken out, and who pays the debt, may prove the same against his bankrupt principal. See also Archb. on Bankruptcy, (9th ed.) 179.

In England there is a lien on property for most taxes ; and for that reason there is no occasion for proving them as claims against a bankrupt. Probably it is otherwise as to church and highway rates, and that they are *therefore* proved.

The case of *Peirce* v. *City of Boston* does not decide the case at bar. A tax may be proveable under the bankrupt act, though it is neither a judgment nor contract, within the statute of set-off.

The omission to exclude persons, held by distress for taxes, from the benefit of *St.* 1837, *c.* 221, as was done in the *St.* of 1786, *c.* 58, tends to show that it was the intention of the legislature to include them.

WILDE, J. This is a writ of personal replevin, and the question is whether the plaintiff, at the time of the service, was in the custody of the defendant, by force of a lawful warrant, issued by a court of competent jurisdiction. The plaintiff was then in the defendant's custody by virtue of an arrest made by him under a warrant from the assessors of the town of Men-

don, directed to Stephen Taft, duly appointed treasurer and collector of taxes for that town ; the defendant having been before appointed as his, the said Taft's, deputy. The first objection to the validity of the arrest is, that the assessors were not a court of competent jurisdiction. But whatever may be the strict technical meaning of the word " court," we cannot doubt that a board of assessors was intended to be included by that term, within the meaning of *St.* 1837, *c.* 221, $ 1, on which this process is founded. If this were not the construction of that section, every person arrested for the non-payment of his taxes would be entitled to his liberation, which it is impossible to suppose could have been intended by the legislature.

It was also objected that the collector had no right to delegate his authority to his deputy to serve the warrant, before the same had been issued. But the defendant was not a special deputy, with a limited authority to serve the particular warrant on which the plaintiff was arrested, but a general deputy, by virtue of the power given to the collector by the Rev. Sts. *c.* 15, $ 60 ; and, unquestionably, such an appointment of a deputy may be made at any time after the collector is appointed to his office.

Another objection to the defendant's authority is, that the warrant was not directed to the deputy. But we hold that this was not necessary. It was directed to the collector, and delivered to the deputy, who was thereupon legally authorized, and bound, to execute the precept. Writs and processes in England are always directed to the sheriff only ; but if delivered to his under-sheriff, he is bound to serve them ; or he, as well as the sheriff, may make out warrants to his bailiffs to serve them Dalton's Sheriff, 103, 117. Bac. Ab. Sheriff, H. 4. Kirby, 240. Writs in this Commonwealth are directed to the sheriff or his deputy ; but this is required by the form of the writs as prescribed by statute. If, however, in such a case, a writ is not so directed, it is matter of form only, and does not make the service of the writ unlawful. And so it was decided in *Hearsey* v. *Bradbury,* 9 Mass. 95.

We are therefore of opinion that the arrest in this case was lawful, and that this writ cannot be maintained    It was con-

tended by the plaintiff's counsel, that the plaintiff, before the arrest, had been discharged from the payment of his taxes, by a general discharge under the bankrupt law. But this is no legal objection to the validity of the arrest. See *Wilmarth* v. *Burt*, 7 Met. 257. The officer was not bound, at his peril, to determine this question. If the plaintiff's discharge has the legal operation contended for, (as to which we give no opin ion,) he should have paid the taxes, and contested that question with the town. In proceeding against the officer, he has clearly mistaken his remedy, if he has any.

*Plaintiff nonsuit.*