JOHN A. BLANCHARD & others *vs.* ASA H. WATERS.

When a writ of execution, in a personal action, for a sum not exceeding seventy dollars, is directed, by the clerk, to the sheriff or his deputy, and the plaintiff's attorney, without fraud, but without authority from the clerk, adds a direction to the constables of a town, such addition does not avoid nor affect the execution, and a proper service thereof by one of those constables is valid.

THIS was a writ of *scire facias* on the Rev. Sts. *c.* 109, § 38, which enact that, " if any person who is adjudged a trustee in the original suit " (trustee process) " shall not pay over to the officer, upon demand, goods, effects or credits, sufficient to satisfy the execution, and if the execution is not otherwise satisfied, the plaintiff may sue out a writ of *scire facias* against the trustee, to show cause why judgment and execution should not be awarded against him, and his own goods and estate, for the sum remaining unsatisfied on the judgment against the principal defendant."

At the hearing in the court of common pleas, before *Merrick*, J. it appeared that the defendant was defaulted in the plaintiffs' action against Amos Pierce, and that execution issued, on the 8th of March 1844, upon the judgment recovered in that action, against Pierce, and against his goods, effects and credits in the hands of the present defendant, as his trustee : That the amount of said execution was less than $60, and that, when it was taken from the clerk's office, it was directed, " to the sheriff of the county of Worcester, or his deputy," and that the words " or to the constables of the town of Millbury " were afterwards inserted by the plaintiffs' attorney in that action, without any authority from the clerk : That said execution was delivered to Jotham Gale, a constable of Millbury, who returned thereon,

16 *

that he, on the 24th of March 1844, by virtue thereof, demanded of said Waters (the present defendant) that he should expose and deliver to him goods, effects and credits of said Pierce, in his hands and possession, sufficient to satisfy said execution; and that said Waters thereupon paid to him one cent, and no more.

It also appeared that the execution was returned unsatisfied, except for the sum of three cents.

The judge ruled " that no person but the clerk, or some one acting under his express authority, could lawfully make such addition to, or alteration in, the direction of said execution : That such alteration, being made without the direction of the clerk, was void, and of course the said Gale could not, as constable of Millbury, lawfully make any demand upon the said Waters, as such trustee ; and that this action could not be maintained in virtue of such demand made by said Gale." To this ruling the plaintiffs alleged exceptions.

*Newton & Randall*, for the plaintiffs.

*F. H. Dewey*, for the defendant.

HUBBARD, J. The writ of execution, being for an amount not exceeding seventy dollars, was within the authority conferred by Rev. Sts. c. 15, § 71, on constables, to receive and collect ; but the direction to the constable was made by the attorney of the plaintiff, instead of being done by the clerk, or by his direction. The question is, whether this addition rendered void the service by the constable. This precise point does not appear to have been decided ; but there are a number of cases, touching the subject, to be found in the books. It has been determined that a writ served by a constable, but not directed to him, may be amended upon motion, by inserting the direction. *Hearsey* v. *Bradbury*, 9 Mass. 95. And leave was granted to amend mistakes in a *fieri facias*, after it had been returned satisfied. *Phelps* v. *Ball*, 1 Johns. Cas. 31. The misprisions of clerks, in judicial writs, may be amended ; and if the clerk omit to affix the seal of the court to an execution, it may be done on motion, after service and return. *Sawyer* v. *Baker*, 3 Greenl. 29, and cases there cited.

In regard to issuing a writ of execution where judgment has been recovered, it is the duty of the clerk to make it out after twenty four hours have expired, and deliver it upon demand, in common cases, to the plaintiff's attorney; and his so doing is a ministerial act, and one which he is bound to perform. *Briggs* v. *Wardwell*, 10 Mass. 356. And he cannot withhold the execution at his pleasure, without peril to himself. He is also bound to direct the execution to such officers as the attorney may require, provided such direction is in conformity to the statute.

In the present case, the act of directing the execution being ministerial, the attorney having the power to give the direction to the clerk, and the process being one which a constable could serve, we are of opinion that such act of the attorney does neither avoid nor affect the execution, and that a levy made by force of it, or money paid in discharge of it, would be a good satisfaction of the judgment, of which the judgment creditor could never take advantage. In the case of *Brier* v. *Woodbury*, 1 Pick. 366, which is relied upon by the defendant, the direction of the execution was fraudulently altered by the constable, without the knowledge of the judgment creditor, and for the corrupt purpose of taking the money to himself; and the court put their decision on the ground that there was no laches in the plaintiff, saying that it was found " that, although Smith was a constable, yet the execution was not directed to him as such, from the court or their clerk, or by any order or consent of the plaintiff, but that he fraudulently inserted the direction to the constable."

Fraud will of course vitiate, where an instrument is altered in a material part. But in the present case there was no fraud; the act was ministerial, and the thing to be done was within the authority and direction of the attorney. We therefore see no ground for declaring that the execution could not be lawfully executed. At the same time, to prevent suspicion of improper motives, and to avoid all interference with the regular duties of the clerk, such alteration

will rarely be made without some pressing reason to justify it at the time, and where the office of the clerk cannot be easily reached.

*Exceptions sustained.*