FRANKLIN ROLLINS *versus* JOHN RICH & *al.*

If an execution be executed by one having official power for the purpose, an omission of the direction to the officer may be supplied by an amendment, under leave of Court. And if there be an unauthorized erasure of the direction to the proper officer, and a new and different direction inserted, the rule which allows the supply of an omission would render proper the restoration of the precept to its former condition.

But *bona fide* purchasers having no notice of the fraud, could not be affected by any such amendment or correction, made after their right accrued, unless there is something upon the record from which the correction can be made. If there is any thing there, indicating facts which render it probable that every thing has been done necessary to secure the object attempted, and it can be proved that the law was complied with, a purchaser cannot with such notice sucessfully supplant the other party.

In a levy upon land, where it appeared that the names of the persons sworn as appraisers, and the names signed as appraisers to the certificate of appraisal, were identical, and where the officer in his return named the same persons as appraisers with the exception of an initial letter for a middle name in one, and expressly referred to the certificate of the oath and the signatures of the appraisers as relating to the same persons named in his return, *it was holden*, that there was sufficient evidence of their identity.

THIS was a writ of entry demanding two tracts of land. The controversy related exclusively to one of them.

The demandant claimed under a levy. The clerk of the court testified, that when the execution issued from his office, it was directed to the several sheriffs of all the counties in the State, naming them, or either of their deputies; that when returned, the words " *sheriffs*" " *or either of their deputies*," had been stricken out, and the word " *coroners*" inserted over where the word sheriff had been written; and that the alteration had been made without his knowledge or consent. There

was no other evidence respecting the alteration introduced. The execution was recorded in the registry of deeds, as it read when altered. Neither of the parties was described in the execution as a sheriff or deputy sheriff.

The proceedings in making the levy, written upon the back of the execution, commenced with a certificate, of which a copy follows : —

"Waldo, ss. Nov. 19, 1842. Then personally appeared before the subscriber, one of the justices of the peace within and for the county of Waldo, Augustus C. Stiles, Mark S. Stiles and Isaac Abbott, and made solemn oath that they would faithfully and impartially appraise such real estate, as should be shown to them to satisfy this execution with all costs. —
                    "W. J. Roberts, Justice of the peace."

The certificate of the appraisers commenced thus : — "We, the subscribers, freeholders," &c. and afterwards said, "having been first sworn, having viewed," &c. and was signed by —

"Augustus C. Stiles,  
"Mark S. Stiles,      } Appraisers.  
"Isaac Abbott,

"Nov. 19, 1842."

The return of the officer commenced thus : —

"Waldo, ss. Nov. 19, 1842. Pursuant to the within execution I have caused three disinterested and discreet persons, freeholders of said county of Waldo, to be sworn as above, viz : — Augustus C. Stiles, chosen by the within named Franklin Rollins, the creditor, Mark Stiles, chosen by the within John Rich, the debtor, and Isaac Abbott, chosen by myself;" and was signed          "C. W. Webster, Deputy Sheriff."

The demandant introduced evidence showing that there was no consideration for the conveyance of John Rich made after the attachment, unless a verbal promise to support the grantor and his wife. The attachment on the writ was Nov. 2, 1836, the debtor conveyed to John C. Rich, March 27, 1838; and John C. Rich conveyed to Franklin Rich and James M. Rich, Nov. 20, 1843.

The parties agreed to submit the case for the decision of

the Court, upon the evidence reported, and that the Court, should render such judgment as the rights of the parties might require.

*Kelley* and *Brown*, for the demandant, said that the conveyance was clearly fraudulent as to creditors. 23 Maine R. 192; 4 Greenl. 192; 19 Pick. 23.

As the alteration of the execution was wholly unauthorized, it was an entirely void act, and did not alter the legal effect of the execution. And as the time when the alteration was made does not appear, the presumption is, that it was made after the proceedings were completed.

The certificate of the appraisers, adopted by the officer, shows, that by Mark S. Stiles and Mark Stiles the same person was intended.

*W. G. Crosby*, for the tenants, insisted that the levy under which the demandant claimed, vested no title in him, for two reasons. — 1. It was not executed by an officer, who had authority so to do. — 2. One of the persons undertaking to act as appraiser was never qualified as the law requires; or that one who was qualified did not act in the appraisal.

1. The execution was directed to a coroner only, but was executed by a deputy sheriff. If it be said that the erasure of the word *sheriff*, and substitution of *coroner*, in the execution was made without authority, and therefore the service was by a person authorized to serve it, the answer is, that the record in the registry of deeds gives no notice of that fact, and that it shows, that the levy was made by one without authority; and it is notice of nothing more than what appears upon it.

2. The return of the officer shows that Augustus C. Stiles, Mark Stiles, and Isaac Abbot were chosen and sworn as appraisers. The appraiser's return is signed by Augustus C. Stiles, Mark S. Stiles, and Isaac Abbott. *Nye* v. *Drake*, 9 Pick. 35.

The first objection cannot be removed by an amendment of the registry, for there is nothing upon the execution to amend

by. The Court can give to the register no such authority, as they do to their own officers.

The second cannot be removed by an amendment, because the rights of third persons have intervened. *Fairfield & al.* v. *Paine*, 23 Maine R. 498.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, as he did not hear the argument, was drawn up by

TENNEY J. — No objection is interposed to the recovery of judgment for possession of the land covered by the levy upon the first judgment obtained against John Rich and others. But it is insisted that no title was derived by the creditor under the other levy, it being inoperative and void. 1. Because the execution was directed to a coroner only, and not to a sheriff, or a deputy sheriff. 2. Because one of the persons undertaking to act as an appraiser, was not qualified by taking the oath; or one, who was so qualified did not act as such.

The execution, when it went from the hands of the clerk, who signed it, was directed to the sheriff of the county of Waldo, where the land lay, and to his deputies. These officers were authorized to execute it; one of them did serve it, and made his return in his official capacity. When the execution was left at the registry of deeds to be recorded, with the return upon it, there had been an alteration in the direction. *Sheriffs and their deputies* were erased and *coroners* inserted. This alteration was unknown to the clerk, and was wholly unauthorized. When and by whom it was made, there was no attempt to show.

That the conveyance of this land by the debtor in the execution to John C. Rich, as against the creditors of the former then existing, of which the demandant was one, was fraudulent, seems established by the evidence in the case, and a defence of the action, by showing it otherwise, is not attempted. But it is insisted, that as the tenants were *bona fide* purchasers, ignorant of the fraud of the former conveyance, they were chargeable only with what the records disclosed, and this pre-

sented no evidence of title in the demandant, excepting the levy.  The forms of writs are prescribed by the statute ; and the form of an execution requires a direction to the officer, having power to serve it.  But if executed by one having official power for the purpose, the omission of such direction may be supplied by amendment under leave of Court.  *Hearsey* v. *Bradbury,* 9 Mass. R. 95 ; *Wood* v. *Russ*, 11 *ibid.* 271.  If there has been an unauthorized erasure of the direction, and a new and different direction inserted, the rule which allows the supply of an omission, would render proper, a restoration to the former condition of the precept.

But *bona fide* purchasers having no notice of the fraud, could not be affected by any such amendment or correction, made after their rights accrued, unless there is something upon the record, from which the correction can be made.  If there is any thing there, indicating facts, which render it probable that every thing has been done necessary to secure the object attempted, and can prove that the law was complied with, he cannot with such notice, successfully supplant the other party. *Fairfield* v. *Paine*, 23 Maine R. 498.

Upon an inspection of the records, the tenants would find, that an execution in which neither of the parties was represented to be a sheriff or a deputy sheriff, was directed to a coroner and a levy made by a deputy sheriff; he must see that there was an irregularity ; but that notwithstanding that, the levy was made by an officer competent to make it, and that the officer to whom it was directed had no authority for such a purpose.  He knew where to find the original execution, and by calling upon the officer who had it in keeping, he could have learnt what has been shown, that there had been an illegal alteration made after it was issued, and that he might well suppose, that it was in all respects perfect and properly directed, when it went into the hands of the officer, and when the levy was completed ; but whether so or not, the facts, which would have come to their knowledge by the exercise of common care, should have been a notice to them, that a correction of the alteration might well be apprehended.  If a correction

were made by an order of Court, the order and the correction could be entered upon the record in such a manner, that the just rights of all would be secured.

2. The names of the persons sworn as appraisers, and those who purport to be signed to the certificate of appraisal, are identical. In the return of the officer, he says, he had caused three disinterested and discreet persons, " to be sworn as above, viz. Augustus C. Stiles, chosen by the within named Franklin Rollins, the creditor, Mark Stiles, chosen by the within named John Rich, the debtor, and Isaac Abbott, chosen by myself," and after describing what had been done touching the appraisal, and the delivery of seizin by metes and bounds, he adds, "as by the certificates of the justice and appraisers above written, and which are to be taken as part of this return." — The adoption of these certificates as part of the officer's return recognizes the persons sworn, and who signed the appraisers' certificate, as those, who were appointed, in the manner pointed out to make the appraisal; and if the officer had omitted in his return, all but their given names, it is difficult to perceive how there could have arisen any misapprehension in reference to the appraisers who were sworn and acted as such.

After the execution on which the last levy was made shall be corrected so as to stand as it was when it was issued, judgment is to be entered for the demandant for the possession of the premises described in his writ.