WILLIAM A. BURNS *vs.* GEORGE A. BRIER.

Bristol. October 25, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, & SHELDON, JJ.

*Evidence,* Opinion: experts. *Practice, Civil,* Exceptions.

In an action under R. L. c. 102, § 146, to recover double damages for injuries alleged to have been caused by the bite of a dog of which the defendant was the owner or keeper, the physician who attended the plaintiff was asked the question, "What did you observe about the effect on his mind of this dog bite, if any?" and answered, "Well, he was mentally depressed." *Held,* that the question was plainly admissible as calling only for what the witness had observed in his attendance upon the plaintiff and the answer was confined to the same matters, and that so far as the answer involved matter of opinion the physician was competent to give the testimony.

Where a part of the answer of a witness to a competent question is irresponsive, and the irresponsive portion is irrelevant, the proper method of objection is a motion to have the irresponsive part of the answer stricken out, and, if such a motion is not made, the objection is not open upon a general exception to the admission of the subject matter of the inquiry.

TORT under R. L. c. 102, § 146, to recover double damages for injuries alleged to have been caused by the bite of a dog of which the defendant was the owner or keeper. Writ dated September 15, 1908.

At the trial in the Superior Court before *Hitchcock*, J., the jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions to the admission of certain evidence, as stated in the opinion.

*J. F. Kiernan*, for the defendant.

*T. A. Cunniff*, (*J. T. Kenney* with him,) for the plaintiff.

MORTON, J. This case is here on the defendant's exceptions which relate entirely to matters of evidence.

The first question objected to was one put to the attending physician, "Do you know whether or not that [the dread of hydrophobia] had any effect upon his mind?" This question was not answered although the judge ruled, after the counsel for the defendant had stated his objections, that it could be. The question that was answered was then put. It was, "What did you observe about the effect on his mind of this dog bite, if any?" The answer was, "Well, he was mentally depressed." We assume in the defendant's favor that the objection and exception taken to the question which was first put apply to the question which was answered. The question and answer were plainly admissible. As finally put the question called only for what the witness had observed in his attendance upon the plaintiff, and the answer was confined to that. So far as the answer involved matter of opinion it was something in regard to which the witness as a physician was clearly competent to testify.

The next question was, "And in what way did that evidence itself?" This question was not objected to. The answer was, "Well, it evidenced itself in himself and in his family. I took my meals at his house and every time that I would return to a meal I would find the whole family depressed, and his mother in particular." Thereupon counsel for the defendant said to the judge, "Now does your Honor allow me an exception to evidence of this family worry *et cetera?*" The judge responded, "I haven't heard you claim any yet." Counsel replied, "I have to the answer of the witness before." The judge said, "Your exception may be noted." It will be observed that the exception relied on by the defendant was that previously taken and which has already been considered, and that the exception so taken was a general one to the competency of the question.

That exception having been overruled it would seem to follow that this one must be also. The question to which the answer was made that the defendant objected to was a proper one, and, if the defendant wished to have any part of the answer stricken out as irresponsive, he should have made a motion to that effect. As it was, the judge evidently understood that he was relying on the general exception which he had taken to the question which had been previously admitted against his objection and ruled accordingly. It cannot be said that the ruling was erroneous.

The remaining exception to the question "What is the danger to hydrophobia, of hydrophobia from a dog bite?" which was allowed to be put against the defendant's objection has not been argued, and we treat it as waived.

*Exceptions overruled.*