## CHARLES NESZERY *vs.* DANIEL B. BEARD.

Suffolk. December 5, 1916. — March 12, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Amendment of writ. *Jurisdiction.*

Under R. L. c. 173, § 48, the Superior Court has power, in an action in which the defendant has appeared generally, to allow an amendment increasing the *ad damnum* of a writ from $300 to $600 although the original writ was returnable to a municipal court and was served by a constable, who under R. L. c. 25, § 89, had no power to serve a writ whose *ad damnum* exceeded $300.

In the case stated above LORING & PIERCE, JJ., concurring in a separate opinion, called attention to the fact that the question, whether the defendant might have moved successfully for an abatement of the action on the ground that he had not been brought into court upon the amended writ, was not before the court and on that question they expressed no opinion.

CONTRACT under R. L. c. 165, § 49, to recover $267.09, collected for the plaintiff by the defendant as an attorney at law, with five times the lawful interest thereon from April 1, 1914. Writ in the Municipal Court of the City of Boston dated May 2, 1914.

The *ad damnum* of the writ was $300 and it was served by a constable by an arrest of the defendant under R. L. c. 168, § 1. The defendant gave bond and appeared *pro se.*

On removal to the Superior Court the case was tried before *Bell,* J., on December 3, 1914, and there was a verdict for the plaintiff in the sum of $320.51. Exceptions by the defendant at that trial were allowed on February 26, 1916, and were overruled on May 19, 1916, by a decision reported in 224 Mass. 305.

On April 6, 1916, a motion of the plaintiff to amend his writ by increasing the *ad damnum* from $300 to $600 was allowed by *Wait,* J.; and the defendant alleged an exception.

The case was submitted on briefs at the sitting of the court in December, 1916, and afterwards was submitted on briefs to all the justices.

*G. T. Perry,* for the defendant.

*C. W. Rowley,* for the plaintiff.

Rugg, C. J. The only issue raised by these exceptions, as stated in the brief for the defendant, is whether "the *ad damnum* of a writ can be increased by amendment after verdict to an amount beyond the jurisdiction of the officer serving the same." A constable has authority only to serve writs in which the damages are laid at a sum not exceeding $300. R. L. c. 25, § 89. The writ in the case at bar, not exceeding that sum, rightly was served by a constable. After the writ was entered in court, an amendment was allowed, subject to an exception by the defendant, increasing the *ad damnum* to $600.

It was said in *Smith* v. *Robinson,* 13 Met. 165, at page 166, "The only object of the service of the writ by a proper officer is, to bring the party into court." When a party is summoned into court by an officer duly empowered to serve the process, and appears in response to that process, he becomes subject to the jurisdiction of the court. The function of the officer serving the process is at an end. By a general appearance in response to a proper process a party is as completely in court as if he had voluntarily appeared in response to a summons wrongly served by a constable.

When a person has become subject to the jurisdiction of a court he must submit to whatever amendment may be within the lawful power of the court to allow. The jurisdiction of the court is the only limit to its power to allow amendments increasing the *ad damnum* of the writ. *Hall* v. *Hall,* 200 Mass. 194. The statute as to the allowance of amendments is broad. R. L. c. 173, § 48. It is remedial and has been construed liberally. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150. *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, 279. It is not necessary to review the numerous cases illustrative of the freedom of amendment under our practice. Referring only to those closely analogous to the case at bar: it has been held that a writ directed to a sheriff or his deputy, but served by a constable, may be amended by the insertion of a direction to a constable, *Hearsey* v. *Bradbury,* 9 Mass. 95, *Aldrich* v. *Aldrich,* 8 Met. 102, 106, *Blanchard* v.

*Waters,* 10 Met. 185; that an inferior magistrate may allow an amendment reducing the damages claimed in a writ from an amount in excess of to a sum within his jurisdiction, *Hart* v. *Waitt,* 3 Allen, 532; and that where service was made simply upon an attorney at law in an action against a corporation amendment might be allowed, without further service, averring that the defendant was a foreign corporation and other facts showing that such service might be legal, *Aldrich* v. *Blatchford,* 175 Mass. 369, 372; and that a constable may serve an execution the amount of which is less than $300, although the original judgment was for more than that sum, *Dalton-Ingersoll Co.* v. *Hubbard,* 174 Mass. 307, 310. Even after verdict, the amount of damages laid in a writ may be increased, *Laxton* v. *Hay,* 211 Mass. 463, and an amendment to the declaration allowed. *Halloran* v. *New York, New Haven, & Hartford Railroad,* 211 Mass. 132. The liability of a surety on a bond to dissolve an attachment is not affected by an amendment increasing the *ad damnum* of a writ provided the penal sum of the bond is not exceeded. *McNeilly* v. *Driscoll,* 208 Mass. 293. For a collection of cases showing how much greater liberality of amendment exists in Massachusetts than in other States, see Ann. Cas. 1913 B 709, 710.

It is manifest that no substantial rights of the defendant can be affected whether the service of the writ had been by a deputy sheriff or a constable. It would be a refinement without advantage and against sound administration of justice to uphold the defendant's contention. It follows that the allowance of the amendment was not beyond the power of the court.

The case at bar is quite distinguishable from *Hart* v. *Huckins,* 5 Mass. 260, where it was apparent from an inspection of the papers that a constable had attempted to serve a writ in a real action as to which he was utterly without power and in which the defendant did not submit himself to the jurisdiction of the court. So, also, it is unlike *Ladd* v. *Kimball,* 12 Gray, 139, where the *ad damnum* of the writ was beyond the jurisdiction of the magistrate and no motion for reduction was made until after the case was pending in the appellate court.

*Exceptions overruled.*

LORING and PIERCE, JJ., concur on the following grounds: The fact that the amendment made the writ one which a constable

could not serve is not an objection to the allowance of the amendment. The statute (R. L. c. 173, § 48) as to the allowance of amendments puts no such limitation upon the court. The fact that the writ as amended is one which a constable could not serve is the foundation for a motion by the defendant for abatement on the ground that he has not been brought into court on the amended writ. No such motion has been made. That question is not before the court now. Upon that question they express no opinion.