NORAH F. BURKE *vs.* EVA T. KELLOUGH.

Suffolk.   February 24, 1920. — April 1, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Evidence*, Competency, Self-serving. *Practice, Civil*, Exceptions.

Where, at the trial of an action by a woman for personal injuries resulting from a fall upon ice alleged to have been caused to accumulate upon a sidewalk by a broken spout on a house of the defendant, there has been admitted evidence of the plaintiff tending to show that, immediately after she fell, she saw a piece of pipe sticking into the street near the defendant's building, that she then made a mark with the heel of her shoe where she fell, that the next day she and her counsel, his associate and a witness visited the place of her fall, swept off a light snow that had accumulated during the night, saw the mark made by her heel, and took photographs, and that, when the photographs were taken, she held a broom indicating the place of her fall, it is material, for the purpose of laying a foundation for the admission of the photographs and to connect and make relevant the evidence as to the appearance and conditions of the sidewalk at that place and time, to permit the plaintiff to testify that the bottom of the broom, as she held it when the photograph was taken, was on the place where she had fallen and where she had marked with the heel of her shoe and that a witness then made measurements at that place; and such testimony is not incompetent as being self-serving or "manufactured."

At the trial of the action above described, testimony from a deposition of the associate counsel for the plaintiff properly may be admitted, tending to show that, at the time when the photographs were taken, he noticed ice where the snow was swept off, and made measurements, which he described in detail.

At the trial of the action above described, the associate counsel in his deposition was asked, "Have you noticed the situation as to the conductor since" the time when the photographs were taken, and the defendant objected to the question. The deponent answered, "It looks like a new conductor." The answer was admitted in evidence and the defendant saved an exception but did not move to have the answer stricken out. *Held*, that the question was a proper one; that, although the answer was not responsive and presumably must have been stricken out if the defendant had so requested, his failing so to request waived any objection he might have to the answer, and therefore that the exception must be overruled.

TORT for personal injuries resulting from a fall upon ice alleged to have been caused to accumulate on a sidewalk, abutting on

premises of the defendant on Prescott Street in that part of Boston called East Boston, by a broken spout or leader on the defendant's house. Writ dated February 12, 1917.

In the Superior Court the action was tried before *Morton,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $650; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. A. Wilson, F. Juggins & T. F. Murphy,* for the defendant.

*F. L. Norton,* for the plaintiff.

PIERCE, J. This case is before this court solely on the defendant's exceptions to rulings admitting testimony in an action to recover damages for injuries resulting to the plaintiff from a fall, on a sidewalk abutting on the defendant's premises, caused by slipping on rough ice which the plaintiff contended was formed from water which flowed from a broken conductor upon a building owned by the defendant.

It appeared in evidence from the testimony of the plaintiff, that when she slipped and fell she "noticed a piece of pipe sticking up out of the street . . . right near the building and saw marks that her foot made as she fell." It further appeared in testimony that she visited the scene of her accident the same evening with a friend, Rendle, and "noticed hubbly ice on the sidewalk between the building and the other edge of the sidewalk." On the next morning the plaintiff with Rendle, her sister, her counsel, Mr. Norton, and his associate, Mr. Jenney, went to the place of the accident. There had been a light snow during the night. She told her counsel where she fell; a broom was brought and her counsel "swept a strip across the sidewalk as large as four feet." She testified she "saw a mark on the ice which she was satisfied was the scrape she had made with the heel of her shoe when she fell because she saw it three times the night before." She further testified that she held the broom indicating the place where she fell when photographs were taken.

The defendant objected to the question put to the plaintiff, "Where was the bottom part of the broom at the time the photograph was taken, with reference to the place where you fell?" and excepted to the answer, "It was on the place where I slipped where I marked already with my foot." She also objected to the

question put to the same witness, "Were there some measurements taken as to where you slipped and fell?" and excepted to the answer, "Mr. Rendle measured."

A deposition of the former associate counsel, Mr. Jenney, was introduced in evidence. Without objection, he testified that he visited the premises with the plaintiff, her attorney and the witness Rendle; that he "noticed that the conductor from the roof was broken and was missing for a distance of ten or twelve feet above a steel elbow where the bottom part of the gutter apparently rested when it was in place. Deponent was then asked the following question: 'What was done while you were there relative to the snow on the sidewalk?' Deponent, beginning to answer, said 'Miss Norah Burke was asked where she fell and she pointed out a certain spot' . . . at this point defendant objected to the portion of the answer then given," but did not ask, nor did the presiding judge refuse, to have the answer stricken out. The deponent without objection, continued, "Mr. Norton took a broom and swept off the snow at that point." The deponent was then asked, against the objection of the defendant, "What did you notice relative to the spot from which the snow had been removed after the snow was removed?" and was permitted to answer subject to the exception of the defendant, "When the snow was swept off there was ice underneath it." The deponent, against the objection of the defendant, was then asked, "Did you take any measurements with reference to the location of the spot pointed out by Miss Burke?" and subject to the defendant's exception was permitted to answer, "I did." It is plain no harm resulted to the defendant from this question and answer. The deponent was then asked, against the objection of the defendant, "What measurements did you take?" and was permitted to answer, subject to the exception of the defendant, "The measurement of the sidewalk was eight feet, the measurement from the house to the spot was two and one half feet and the measurement from the part of the conductor still there was about fifteen inches." The deponent further testified that he took photographs. After the deposition had been read and the questions and answers respectively admitted, Mr. Norton offered the photographs in evidence and they were admitted without objection.

It is the contention of the defendant that "the testimony of

the plaintiff that on the day after the accident she pointed out, in the defendant's absence, the place where she fell was self-serving or 'manufactured' evidence, and was therefore incompetent." It is plain the evidence from the plaintiff in this regard was received, as the presiding judge instructed the jury, "solely to identify the spot she fell on," and was admissible for the purpose of laying a foundation for the admission of the photographs which were afterwards admitted in evidence and to connect and make relevant the testimony of the witnesses as to the appearance and conditions of the sidewalk at the place where the plaintiff contended that she had fallen. So considered, her testimony and the testimony of her witnesses were rightly received. *Everson* v. *Casualty Co. of America*, 208 Mass. 214, 220.

The deponent was then asked, against the objection of the defendant, "Have you noticed the situation as to the conductor since then?" and he answered, "It looks like a new conductor;" and the defendant excepted. The question was a proper question and as such was not subject to exception. The answer was not responsive, and presumably would have been stricken out had the defendant so requested. In the absence of such a motion the exception is a general one and must be overruled, because the question in itself could not be harmful and the answer if harmful was waived. *Burns* v. *Brier*, 204 Mass. 195, 197.

The defendant admits in her brief that her remaining exceptions were made harmless by the charge of the presiding judge.

It follows that the entry must be exceptions overruled.

*So ordered.*