HARRY LAMBERT *vs.* GILBERT M. ARONSON.

Suffolk.   October 19, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Amendment of writ. *Jurisdiction.*

After the defendant, in an action brought in the Superior Court by a writ with an *ad damnum* of $300 served by a constable, has appeared generally, the court has jurisdiction to allow a motion to amend the writ by increasing the *ad damnum* to a sum in excess of $300 without the assent of the defendant and without requiring further service upon the defendant; and a motion by the defendant, after such an amendment, that the writ be abated and the action be dismissed, must be denied.

CONTRACT, with a declaration in two counts, the first count being based upon an alleged breach of an agreement of employment of the plaintiff by the defendant, and the second count being

upon an account annexed. The counts were stated to be for the same cause of action and claimed damages in the sum of $3,009.30. Writ dated January 3, 1920.

The motion to amend the writ and the defendant's motion to abate the writ and dismiss the action are described in the opinion. The motion to abate the writ and to dismiss the action was heard in the Superior Court by *Wait,* J., who ordered the writ abated "for lack of proper service," and reported his rulings to this court for determination.

*E. M. Dangel,* for the plaintiff, submitted a brief.

*F. N. Nay,* (*K. A. Sanderson* with him,) for the defendant.

PIERCE, J. The plaintiff brought an action of contract in the Superior Court against the defendant, a non-resident but cormorant person, by a writ with an *ad damnum* of $300 duly served by a constable. After the writ was entered and after a general appearance and answer by the defendant, an amendment was allowed in court in the presence of an attorney who represented the defendant, without his assent, increasing the *ad damnum* to $5,000.

The motion to increase the *ad damnum* was allowed on September 10, 1920. Twenty days thereafter the defendant filed a motion to abate the writ and dismiss the action. The judge ruled that "There has been no unreasonable delay in filing the motion to abate and dismiss," with a further ruling "that there has been no sufficient service of the writ as amended," ordered "that the writ as amended abate for lack of proper service," and at the request of the parties reported the case "for the consideration of the full bench."

The defendant admits that he was properly before the Superior Court on a duly served writ before the *ad damnum* was increased; but contends that after the writ was amended without his assent and with no further service of process to a writ with an *ad damnum* greater than a constable has authority to serve he was no longer before the said court on a duly served writ, and was entitled to be relieved from the proceedings.

Notwithstanding the suggestion found in the concurring opinion in the case of *Neszery* v. *Beard,* 226 Mass. 332, 334, in substance that an amendment to a writ served by a constable which changed the *ad damnum* to an amount greater than $300, without the con-

sent of the defendant, is the foundation for a motion by the defendant for abatement on the ground that he has not been brought into court on the amended writ, we are of opinion that the court after a general appearance had authority for the reasons stated in the opinion of *Neszery* v. *Beard, supra,* to allow the amendment which was allowed, and that a different rule would be out of harmony with our statutes and decisions allowing amendments at any time before final judgment.

It follows that the action of the Superior Court must be reversed and the case stand for trial.

*So ordered.*