GADSBY, P.J.
Tort to recover under count 1 for personal injuries and under count 2 for property damage sustained in a motor vehicle collision between the motor vehicles of the plaintiff and defendant.
The plaintiff’s contention was that while he was parked at a Curb and had opened the left hand door of the car some five or six inches and held the door in that position while conversing with an occupant, the defendant hit the left rear mudguard and struck the *[80] door pushing the plaintiff forward so that he sustained the injuries of which he complains.
The Court found on November 17, 1950: “Upon all the evidence I find that the plaintiff sustained the damage to his automobile and his personal injuries through the negligent operation by the defendant of his car and that the plaintiff was in the exercise of due care. As I found the defendant negligent as a matter of fact, I deny the defendant’s three requests for rulings of law and treat them, as immaterial because of my finding in favor of the plaintiff on the facts.”
The defendant relies only on denial of his request: “Upon all the evidence and the law, the Court would not be warranted in finding that the defendant was negligent.”
The defendant has claimed a report on various matters arising during and after the trial.
It appeared that the case was submitted without argument on January 26, 1950. The evidence was closed subject to the forwarding of certain photographs. On January 28, 1950, counsel for the defendant forwarded to counsel for the plaintiff nine photographs in accordance with the request of the Court. On February 3, 1950, the plaintiff’s counsel forwarded these photographs to the Court and requested the Court to set down a day for further hearings so that the Court could take a view of the plaintiff’s car. Nothing further was done until May 1, 1950, when by arrangement with counsel the parties came to the Court and the Court took the view. At that time the photographs were marked as exhibits and are expressly incorporated and made a part of the report to this court.
The Court then made the following notation : “Case closed as far as evidence.” =>
On July 17, 1950, counsel for both parties were present by previous arrangement at the Court’s office and counsel for the plaintiff made two motions. One of these was to- reopen the case for further hearings on the ground that under the law it was then possible to admit records of hospitals under Veterans Administration which was not possible at the trial. The plaintiff also filed a motion to increase the ad damnum of the writ from $2,000.00 to $5,000.00.
*[81] Both of these motions were allowed by the Court, subject to the objections of the defendant’s counsel, who claimed a report on each ruling and filed a draft report seasonably on each.
The evidence was reopened and the plaintiff put in evidence the testimony of one Dr. Donald Mc-Closkey, a dentist at the Cushing Veterans Hospital and Chief of Dental Surgery at said hospital. The doctor was a graduate of Harvard Dental School, 1927; for ten years a teacher at Harvard on operative dental work; entered the service in May 1941 and had thirty-five dentists under him in the South Pacific area and came to the Cushing Hospital in 1946. He treated the plaintiff from April to December, 1949.
The doctor testified that the upper teeth being loosened in April, 1949, it appeared there was not enough circulation to feed the teeth; that teeth do not die immediately and that the blow must have been well distributed. Counsel for the defendant objected to the allowance of any testimony by the doctor and claimed a report on the Court’s ruling admitting the evidence. Counsel for the defendant seasonably filed a draft report thereon. In the course of the doctor’s testimony, the defendant made an objection to admission of evidence and claimed a report.
The defendant also objected to the introduction of the hospital record, but at the hearing before this Division waived said objection.
On July 23, 1950, counsel for the defendant filed three motions: 1. To abate plaintiff’s writ as amended. 2. For permission to remove the case to the Superior Court. 3. To discharge the case from further consideration. Each of which was denied by the Court on October 4, 1950, and the defendant seasonably claimed a report.
The Court then on November 17, 1950, made the finding which has previously been referred to. After such finding the defendant filed a motion for a new trial and a motion to set aside the finding made for the plaintiff. The defendant contended in the latter motion that the finding should have been set aside because not made in accordance with G. L. c. . 220, § 14A, in that the opinion was not rendered within four months.
*[82] We shall consider the objections in chronological manner :
1. Re-opening the case. There is no merit to this objection since the matter rests in the discretion of the Court. The denial of this motion presents no question of law. See Reynolds v. Missouri, Kans. & Tex. Railway, 224 Mass. 379 at 381. Finnegan v. Checker Taxi Co., 300 Mass. 60 at 69. The Court has the right to re-open a case for the admission of further evidence after it has been taken under advisement. Short v. Famer, 260 Mass. 102 at 104.
2. Increasing ad damnum of writ. This, likewise, is a matter of discretion and presents no question of law. G. L. c. 231, § 51, provides that the Court may at any time before final judgment allow such an amendment to enable the plaintiff to sustain the action for the Cause for which it was intended to be brought.
3. Testimony of medical expert, Dr. McCloskey. The qualifications of the doctor as an expert were for the trial judge and his finding is not subject to exception. It is a matter within the discretion of the trial judge. Kramer v. New York Life Ins. Co., 293 Mass. 440, 445. The questions asked were proper questions. If the defendant objected to the answer to them, he should have moved to strike out said answers. Not having done that, he is deemed to have waived the matter. Burke v. Kellough, 235 Mass. 405, 408.
5. Abatement of writ as amended. The denial of the motion to abate the plaintiff’s amended writ was within the discretion of the Court. No question of law is raised by such. It was entirely within the discretion of the Court. G. L. c. 231, § 51.
6. Removal of case. The essence of the motion to remove the case late to the Superior Court is that if the defendant knew that the ad damnum were to be increased, that he would have originally removed the case to the Superior Court. There is nothing of substance to that argument. If such were the case, then the power of a judge to allow an amendment would be made nugatory. As a matter of fact, the defendant knew when he left the case in the district court, that he was subject to the risk that the ad damnum could be increased. The defendant cannot have two bites at the apple. He cannot remain in the *[83] district court and then if he is dissatisfied, claim a right to remove. The matter of increasing the ad damnum was within the discretion of the Court. G. L. c. 231, § 107, provides the conditions upon which a case may be removed. The defendant did not comply with these prerequisites. The discretion of the Court will hot be reviewed unless there was an abuse of such discretion.
7. Dismissing case. The motion to discharge the case from further consideration is based upon an alleged violation of G. L. c. 220, § 14A, which provides in substance, that a judge of a district court shall render his decision within four months when the hearing was closed. Evidence in the case was closed on May 1, 1950, at which time the Court made the notation “Case closed as far as evidence.” The case was re-opened on July 17, 1950. This was a continuation of the trial. Even if the period had exceeded the time specified, it does not follow that the finding would be set aside. The purpose of the act was for disciplinary action in case a judge prolonged a finding. The purpose was not to render void a late finding.
8. New trial. The denial of the defendant’s motion for a new trial present no question of law. It is a matter which rests in the sound discretion of the trial judge. Shockett v. Akeson, 310 Mass. 289. Kinnear v. General Mills, Inc., 308 Mass. 344, 348. Furthermore, if the defendant claimed any inconsistency on the part of the trial judge between his findings and the rulings, the proper procedure would be by a motion for Correction of such.
9. There now remains the final objection of the defendant and that is to the denial of his request for ruling No. 3. This request is as follows: “Upon all the evidence and the law, the court would not be warranted in finding that the defendant was negligent.” The difficulty with this request is that it is a hybrid request. The defendant has asked for a ruling upon all the evidence and at the same time has made a part of this request a ruling upon all the law. These requests are fundamentally different and should have been made into two separate requests. In the first place a request upon all the evidence requires specification under Rule 28. No specifications were filed here. On the other hand, if we regard it as a request upon *[84] all the law, then it could have been granted only if as matter of law a finding had to be made for the defendant. Such is not the situation here. We have conflicting evidence which requires the judge to submit the question of fact to himself as jury.
Joseph L. Shea, Sidney S. von Loesecke, for the plff.
John J. Mulcahy, Timothy H. Donahue, for the deft.
We feel that the request was not in proper form and the judge was under no obligation to separate the parts into two distinct requests. The burden is on counsel presenting the requests to see that they are in proper form. The burden is not on the Court to do counsel’s work. There being no prejudicial error, the report is dismissed.