*Western District*
No. 15,551

ANGELO GENE NIRO

v.

JOHN J. CONSIGLI and
WILLIAM A. MURRAY, JR.

Argued: June 26, 1969    Decided: July 7, 1969

*Present:* Garvey, P.J., Allen, Sloan, JJ.

Case tried to *Lee, J.* in the Third District Court of Southern Worcester No. 15,551.

*Garvey, P.J.* In this action, described as one of contract and tort, the plaintiff moved that he be permitted to amend his writ by increasing the ad damnum from $2,000.00 to $10,000.00. The motion was denied by the judge who made the following written ruling:

> "Plaintiff's motion to amend writ from $2,000.00 to $10,000.00 ad damnum is denied because the defendants' right to jury trial might be prejudicied under *C. 231, s. 104, as amended, of the G.L.'s.* Case to stand pending appeal of denial of this motion."

The plaintiff claiming to be aggrieved by the denial of his motion, the judge, under the provisions of *G.L. c. 231, § 108,* made a voluntary report to this Division.

G.L. c. 231, § 104, to which the judge referred, provides that if the ad damnum does not exceed $2,000.00 a case entered in the District Court must first be tried there. Within 10 days after notice of the decision or finding, upon filing of an entry fee and bond by a defendant, the case is transmitted to the Superior Court where it is to be tried anew subject to the provisions of *G.L. 231, § 102C* the so-called remand statute.

We think the judge, in his denial of this motion as a matter of law, was in error. The right of the defendants to remove to the Super-

ior Court after trial in the District Court was determined, in our opinion, by the ad damnum at the time of entry.

The District Court having acquired jurisdiction the provisions of *G.L. c. 231, § 51* permits a judge, in his discretion, to grant or deny such a motion. *Desmond* v. *Boston Elevated Ry. Co.* 319 Mass. 13, 16. *LeBlanc* v. *Welch*, 333 Mass. 207, 210. *McDonough* v. *Horan*, 333 Mass. 319, 322.

In *Neszery* v. *Beard*, 226 Mass. 332, it was ruled that a judge had the authority on motion of the plaintiff to increase the ad damnum from $300.00 to $600.00 although the original writ was served by a constable who had, at that time, no power to serve a writ with an ad damnum in excess of $300.00. *Lambert* v. *Aronson*, 240 Mass. 138. A judge, or jury, in assessing damages, when he is considering a motion to increase the ad damnum may disregard the ad damnum in the writ. *Kinnear* v. *General Mills, Inc.*, 308 Mass. 344, 346.

The order of the judge in denying the motion is to be vacated. It is suggested that consideration of the allowance or denial of the motion, if renewed, might well await the outcome of the trial. Experience teaches that in many instances, after trial, such a motion becomes moot.

Lee G. Amber of Milford, for the defendants.

Leon M. Fox of Framingham, for the plaintiff.