*Western District*

No. 117

## FITCHBURG GAS & ELECTRIC LIGHT COMPANY

v.

## YANKEE PLASTICS, INC.

Argued: Feb. 4, 1974 - Decided: Feb. 4, 1974

*Present:* Gould, J., (Presiding), Sloan, Cimini, JJ.

Case tried to *Dudley, J.,* in the District Court of Fitchburg. No. 53899.

**Gould, J.** This is an action of contract to recover for electricity supplied by the plaintiff to the defendant corporation.

Following entry of this case in the District Court, the court, after proper notice thereon and after hearing, allowed plaintiff's motion to amend its declaration and following the allowance of this amended declaration, gave the defendant an appropriate period of time in which to file an amended answer.

On the day prior to the final date allowed for filing the amended answer, the defendant did in fact file an amended answer, and on the same date filed a claim of trial by the Superior Court with jury, under the pertinent provisions of G.L. c. 231, § 104.

Accompanying the claim of trial was a check in the amount of $5.00 payable to the clerk of the District Court of Fitchburg, which represented the entry fee for the cause in the

Superior Court. In addition to this check was also filed a defendant's motion that no bond be required for removal to Superior Court. This motion was filed in accordance with the provisions of G.L. c. 231, § 107.

On October 12, 1973, after a hearing on the defendant's motion than no bond be required for removal, the court denied the defendant's claim of trial by Superior Court, and also denied the defendant's motion that no bond be required. To the denial of its claim of trial in the Superior Court, the defendant filed a request for a report and this is the question which is reported to this Appellate Division.

G.L. c. 231, § 104 as amended, provides that any defendant may within *two days* after the time allowed for *entering his appearance,* file in said court, a claim of trial by the Superior Court, together with $5.00 for the entry of the cause of each plaintiff in the Superior Court.

The power of the District Court to permit a removal for jury trial to Superior Court is strictly confined to removal on the terms specified in the statute for removal, as a matter of right, and the denial of a motion to remove a cause to the Superior Court for jury trial, where the requirements of the statute were not met, would not be an abuse of discretion. See *H. K. Webster Co.* v. *Mann,* 269 Mass. 381.

G.L. c. 231, § 51, grants to the trial court the power to allow an amendment of a

writ increasing the *ad damnum* thereof. *Kerr* v. *Palmieri,* 3 Mass. App. Dec. 79, affirmed 325 Mass. 554. *Lambert* v. *Aronson,* 240 Mass. 138, 140.

Where this statute permits a trial justice, in his discretion, to grant or deny a motion amending the *ad damnum* clause, it would be error to deny the amendment on grounds that the increase would prejudice the defendant's right to a jury trial. *Niro* v. *Consigli,* 41 Mass. App. Dec. 143.

Also in *O'Connell* v. *Burke,* 36 Mass. App. Dec. 169, the court indicated that the allowance of an amendment to increase the *ad damnum* of a writ to an amount in excess of that required to allow a claim of jury trial did not in any way jeopardize the right of the defendant to enter the case in the Superior Court after a finding, and to claim a jury trial under the pertinent provisions of G.L. c. 231, § 104. Therefore, there was no error in the denial of the defendant's motion to remove late.

In the case under consideration the original *ad damnum* was above the limit of $2,000.00 set forth in the statute. The statute allowing removal of a case from the District Court to the Superior Court clearly indicated that such proceedings should be done within two (2) days after the limit set for filing of the appearance. Any action taken subsequent thereto is clearly outside the scope of the statute and thus the denial of the motion for removal to

the Superior Court was not an abuse of the justice's discretion.

The decision of the District Court is affirmed.

**There was no error.**

**Report dismissed.**

PAUL L. BONVILLE
 for the Plaintiff
GETTENS & LONGO
 for the Defendant