## JAMES S. NELSON *vs.* THOMAS S. DODGE.

Essex. Nov. 5. — Dec. 28, 1874. AMES & DEVENS, JJ., absent.

In replevin of a horse, the issue was whether the sale by the plaintiff to the defendant was upon condition that the defendant was to give a note indorsed by A. in payment. The jury were instructed that if the plaintiff sold the horse upon condition that a note indorsed by A. should be given, the property did not pass until the note was indorsed; but if nothing was said about an indorser, and the plaintiff took the defendant's note in payment without an indorser, and the horse was delivered to the defendant, that vested the title in him; that the question was whether there was an agreement originally that there should be an indorser. No exception was taken to these instructions. The jury, after being on

several hours, came in for further instructions, and asked, "if the defendant gave the plaintiff the note in payment for the horse, whether the property passed to the defendant." The judge ruled that it did. The plaintiff asked the judge to further instruct the jury "that if the original agreement was that the note should be indorsed, the property did not pass by giving the note to the plaintiff." The judge declined to further instruct the jury. *Held*, that the plaintiff had no ground of exception.

It is within the discretion of the judge presiding at a trial, after he has answered a question put by the jury, who have come in for further instructions, to decline to repeat instructions given before the jury retired.

REPLEVIN of a horse. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff testified that he was the owner of the horse replevied, and that the defendant came to him and wanted to buy the horse, and said he would give him his note with the indorsement of Elias Magoon thereon in payment ; that he told the defendant that he knew Magoon, that his indorsement would be satisfactory, and that he would sell him the horse upon those conditions ; that the horse at the time of this conversation was in the possession of one Kimball, and the defendant received possession of it from Kimball ; that several days after, the defendant gave the plaintiff his note payable to the order of Elias Magoon, which he said Magoon would indorse ; that the plaintiff took the note to Magoon, who refused to indorse it because he said it was on too short time for the defendant to pay ; that he took the note back to the defendant and got the time extended by the defendant giving two notes payable to the order of Magoon, which the plaintiff took to Magoon for indorsement, and he refused to indorse them at all.

Elias Magoon, a witness for the plaintiff, testified that he was called upon by the defendant Dodge to indorse his notes for the payment of a horse several days before the plaintiff presented the first note for his indorsement, and he told him he would indorse for him.

The defendant then testified that he purchased the horse of the plaintiff ; that the horse was delivered to him ; and that he gave the plaintiff his note in payment therefor ; that nothing was said to him about indorsement until after the plaintiff had brought back the first note and had received the other two notes in place

of the first; that the agreement at first was, that he would give him his note and nothing was said about an indorser.

The judge instructed the jury that if the plaintiff sold the horse to the defendant upon the condition that he should give his note with Elias Magoon as indorser, no property passed until the note was indorsed; but that if the sale was made by the plaintiff to the defendant and nothing was said about an indorser, and he took the defendant's note in payment without any indorser, and the horse was delivered to the defendant, that vested the title to the horse in the defendant; that the question turned upon the original contract, whether or not there was an agreement, forming a part of the contract of sale, that there should be an indorser. No exceptions were taken to these instructions.

The jury retired, and after several hours returned into court for further instructions, and asked the following question: "If the defendant gave the plaintiff the first note in payment for the horse, whether the property passed to the defendant." The court thereupon instructed the jury, that if the defendant gave that note in payment for the horse, the property passed to the defendant. The plaintiff thereupon asked the court to further instruct them, contending that the last instruction might mislead the jury, "that if the original agreement was that that note should be indorsed, the property did not pass by giving the note to the plaintiff;" but the judge having answered the question asked by the jury, declined to give any further instruction. The jury found for the defendant, and the plaintiff alleged exceptions to the instruction in answer to the question of the jury, and to the refusal of the judge to further instruct them as requested.

*C. Sewall,* for the plaintiff. 1. The second instructions given to the jury without any modification misled them, and left an impression in their minds that the judge intended to modify the first instructions given. That the defendant was to give his note, and that the defendant passed his note to the plaintiff, both parties agreed; but they disagreed as to whether an indorser was to be furnished. The question for the jury was whether the defendant agreed to give the plaintiff an indorsed note; and not whether the plaintiff, having taken the note without an indorser, to obtain the indorser's name, passed the property, which the inquiry of the jury would seem to imply. The only question which

troubled the minds of the jury was, whether passing the note to the plaintiff, even if the agreement was that there should be an indorser, vested the property in the defendant. The answer given by the judge to the question put by the jury for further instructions, coupled with the fact of a direct refusal in their presence to either modify or explain the instructions, and declining to state that the instructions were to be taken in connection with previous instructions, gave the jury the impression that the judge intended a modification in this respect of the instructions before given.

2. Rulings of a judge, given after the jury have returned into court for further instructions, are open to exception. Such rulings should therefore be so clear that the jury could not reasonably misunderstand them, because the only object of the inquiry is to elucidate a point doubtful in the minds of the jury. *Lund* v. *Tyngsboro*, 11 Cush. 563.

*S. B. Ives, Jr. &. C. W. Richardson*, for the defendant.

Colt, J. The question which the jury came in to ask, plainly had reference to the second clause in the instructions which were given when the case was committed. The answer of the judge to this question stated the law correctly. Taken in connection with the previous instructions, it implied the necessary element of the plaintiff's acceptance of the note unindorsed in payment. The additional instruction requested by the plaintiff was but a repetition of a proposition which had been once stated to the jury with more fulness, and there was no apparent necessity for its repetition. In the opinion of a majority of the court, there is nothing in the form of the question put, or in the answer given, which justifies the inference that the judge was understood to modify the propositions previously stated, or that his answer was to be considered as disconnected from those propositions.

If properly taken at the time, exceptions lie to instructions which are given to a jury after a case has been committed to them and they have retired for deliberation. But whether those instructions be given in answer to the questions of the jury, or of the judge's own motion, it is proper in most cases that the transaction be confined to communications passing between them. A fresh discussion of the law or the evidence on the part of counsel in the presence of the jury cannot be had, unless allowed by the

judge in his discretion. Nor is the judge required to give additional instructions by way of explanation or modification of those already given at the request of either party. In such matters much must be left to the discretion of the judge, who can best see at the time what may prejudice and what advance an intelligent and honest decision of the questions at issue. *Kellogg* v. *French*, 15 Gray, 354. *Exceptions overruled.*