Tony Palma *vs.* Ruth Racz.

Norfolk. October 7, 1938. — February 1, 1939.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

*Practice, Civil,* New trial. *Damages,* For tort.

No abuse of discretion appeared on the record on appeal from the denial, in an action of tort for personal injuries, of a motion for a new trial based on a contention that the damages found, which were substantial, were inadequate in view of the plaintiff's probable condition in the future.

Tort. Writ in the District Court of East Norfolk dated August 3, 1934.

The trial in the District Court was before *Murphy*, J.

*C. S. Williams*, for the plaintiff.

*E. R. Langenbach*, for the defendant.

Qua, J.   The defendant, while driving an automobile, negligently struck the plaintiff, breaking his right femur. The plaintiff was then about eleven years old.   At the trial medical evidence in behalf of the plaintiff tended to prove that his right femur had been so injured that it would not grow thereafter, and that the continued normal growth of the left femur would result in serious and permanent deformities.   Medical evidence in behalf of the defendant tended to prove that a slight difference in length which then existed would become no worse.   The judge found for the plaintiff in the sum of $1,200.

Thereafter the plaintiff filed a motion for new trial on the sole ground that the damages were inadequate.   After the lapse of substantial periods of time the judge heard the motion and later reheard it.   There was evidence at these hearings which, if believed, tended strongly to show that the right femur was not growing, and that the deformities feared by the plaintiff were gradually resulting.   Opposing evidence tended to minimize the seriousness of the plaintiff's condition.   The judge found that "The plaintiff has not proved that the extent of the injuries is greater than that upon which the original finding was made," and denied the motion for new trial.

No question of law concerning the original trial is raised on this report.   The extent of the plaintiff's injury and the sum which would fairly compensate him for it were questions of pure fact which are not reviewable in the Appellate Division or in this court in an action at law.   G. L. (Ter. Ed.) c. 231, §§ 108, 109.   *Jones* v. *Clark*, 272 Mass. 146, 149. *Dillon* v. *Framingham*, 288 Mass. 511, 513.

On the motion for new trial the judge granted all of the plaintiff's requests that called for rulings of law as distinguished from findings of fact.   The granting of a new trial was in the discretion of the trial judge.   The only question open is whether the judge abused his discretion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497.

We have carefully examined all the evidence, and we assume without deciding that the scope of the motion was broad enough to admit that which was presented for the first time at the hearings on the motion. The evidence consisted in large part of varying opinions as to probable future developments. The burden of proof was upon the plaintiff. The judge had seen the witnesses. The damages actually awarded were substantial and not merely nominal. We cannot say that "no conscientious judge, acting intelligently, could honestly have taken the view expressed" by the trial judge. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 502. *Murnane* v. *MacDonald,* 294 Mass. 372. *Long* v. *George,* 296 Mass. 574, 578–579.

No error of law is shown.

*Order dismissing report affirmed.*