BLANCHE KINNEAR *vs.* GENERAL MILLS, INC.

Suffolk.    September 24, 25, 1940. — February 25, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Verdict, Judge's answer to question by jury, New trial.

On a record before this court which did nòt include the charge to the jury, no error was shown prejudicial to the defendant in the judge's answering merely "Yes" to a question asked by the jury, returning after their retirement for the purpose, whether they could "award

more damages to a plaintiff than said plaintiff asked for in the suit," where a verdict for the plaintiff only equalled the *ad damnum* of his writ.

No abuse of discretion and no error appeared in the denial of a motion for a new trial grounded upon a contention that a verdict for the plaintiff in a large amount equalling the *ad damnum* of the writ was so excessive, even after reduced by remittitur, as to require a complete new trial.

TORT. Writ in the Municipal Court of the City of Boston dated April 13, 1938.

Upon removal to the Superior Court and after a trial of the action with two others before *Goldberg*, J., a consolidated bill of exceptions saved by the defendant was allowed as to all the actions.

*C. C. Milton*, (*R. C. Milton & J. T. Shea* with him,) for the defendant.

*G. B. Rowell*, (*R. J. Cotter* with him,) for the plaintiff.

Cox, J. Three cases, of which this is one, to recover damages for personal injuries were tried together. Verdicts were returned for the plaintiffs, the amount of the plaintiff's in the case at bar being $25,000 which was the *ad damnum* of her writ. After the jury had retired to consider the cases, it returned to the court room and propounded the following question: "Your Honor, we would like to know if we can award more damages to a plaintiff than said plaintiff asked for in the suit?" The judge replied: "You have asked a question. I do not care to read it aloud in the court room. I will put it in the record. The answer to the question is 'Yes.' Do you understand it?" The foreman of the jury replied: "Yes." "The defendant seasonably claimed an exception in each case to the court's answer 'Yes' to the question propounded by the jury as to whether they could find more than the amount claimed in a plaintiff's writ." Motion for new trial was made in each case for the reasons assigned that the verdict was against the evidence and the weight of the evidence and that the amount was excessive. At the hearing on the motions, the following requests for rulings were filed in each case: "1. As matter of law the finding as to damages is so excessive and so violently contrary to the evidence as to taint the verdict

as an entirety and require a complete new trial. 2. As matter of law the finding as to damages is so excessive and so violently contrary to the evidence as to require the court, in the exercise of its discretion, to set the verdict aside and grant a complete new trial." These requests were denied subject to the defendant's exception. In the case at bar the verdict was adjudged excessive by $5,000 and it was ordered that unless the plaintiff, within ten days, should remit that sum, the verdict would be set aside. G. L. (Ter. Ed.) c. 231, § 127. The plaintiff seasonably remitted. The defendant excepted to the foregoing order and "to the denial of its motion for a new trial." Finally the defendant filed a motion, which was denied subject to its exception, to set aside the verdict, and for a new trial, on the ground that, after remittitur, the verdict was excessive. The defendant's exception to the denial of its motion for a directed verdict has not been argued and is treated as waived.

1. We are of opinion that there was no error in dealing with the question propounded by the jury. It is true that damages are limited by the *ad damnum* and a jury may be so told, although it is within the power of the judge to allow a motion to increase the *ad damnum*. And where a judge contemplates allowing such a motion he may properly instruct the jury to find the damages without regard to the *ad damnum*. It appears in the bill of exceptions that in one of the companion cases counsel for the plaintiff particularly requested that the writ be taken by the jury. In the other companion case a motion was made before the jury was impanelled to increase the *ad damnum*, but this was not acted upon before verdict. No motion to increase the *ad damnum* in the case at bar was made. The writ in each case went to the jury. The significance of these facts may subsequently appear.

No question is raised as to the propriety of the jury propounding a question or a reply of the judge. See *Lund* v. *Tyngsboro*, 11 Cush. 563, 568; *Nelson* v. *Dodge*, 116 Mass. 367, 369, 370. Compare *Lewis* v. *Lewis*, 220 Mass. 364; G. L. (Ter. Ed.) c. 234, § 34. The defendant contends, in substance, that the question was ambiguous, that the judge

should have answered more fully so that it would clearly appear that the question propounded was understood by the judge to be an inquiry whether the jury could award damages in excess of the *ad damnum* of the writ, and that the result of the entire colloquy between the judge and jury was to leave it to the jury to determine "without let or hindrance any amount for any supposed elements of damage." But it is apparent from the record that at the time the question was propounded, the defendant's counsel had no uncertainty as to the import of the question, for the exception that was claimed was to the judge's answer to the question whether the jury could find more than the amount "claimed in a plaintiff's writ." None of the judge's charge is printed in the record. It is common trial practice for judges of the Superior Court to instruct juries generally as to the functions of the writ and pleadings in a case, and in this connection to explain the purpose and limitations of the *ad damnum*. In the case at bar it is apparent that counsel in at least one case was concerned and requested that the writ in that case, where the *ad damnum* was $100,000, be taken by the jury during its consideration of the case. As already pointed out, a motion in another case to increase the *ad damnum* had been made, but the court deferred action on this motion until after verdict, stating " that if the amount of the verdict were larger than the *ad damnum* the motion would be taken care of." See *Luddington* v. *Goodnow*, 168 Mass. 223, 225; *Neszery* v. *Beard*, 226 Mass. 332, 334. Large claims for allegedly serious injuries were made. In the circumstances, with experienced trial counsel representing the defendant, it is not to be assumed that the learned judge failed to instruct the jury as to the significance, force and effect of the sum named in the *ad damnum* of the writ. We are of opinion that the judge was warranted in assuming that the jury wished to know if it could award damages to a plaintiff in excess of the *ad damnum* in the writ. See *Tetreault* v. *Gould*, 83 N. H. 99, 103. This being so, the judge was not "required to give additional instructions by way of explanation or modification of those already given at the request of either party. In such matters much must be left to the discretion

of the judge, who can best see at the time what may prejudice and what advance an intelligent and honest decision of the questions at issue." *Nelson* v. *Dodge*, 116 Mass. 367, 371.

Furthermore, it is difficult to see how the defendant is harmed in any event. It has been assumed by the parties, and very likely by the judge, as evidenced by the bill of exceptions, that, when the jury inquired whether "a" plaintiff could have more damages than "said" plaintiff asked for, the plaintiff in the case at bar was comprehended, but, as matter of fact, if she were, the jury did not take advantage of the answer it received, for it awarded her $25,000, which was the *ad damnum* of her writ. The defendant's contention in this respect is that it by no means follows that the defendant was not harmed, inasmuch as the verdict may have included "damages additional to or other than those rightfully recoverable." Here again, in the absence of the charge to the jury, we must assume that full and complete instructions were given by the trial judge on what clearly was an extremely important issue, the nature and extent of the plaintiff's damage.

2. No question is raised as to the form of the order that was made on the defendant's motion for a new trial. See G. L. (Ter. Ed.) c. 231, §§ 127, 128; *Anti* v. *Boston Elevated Railway*, 247 Mass. 1; *Coughlan* v. *McGarvey*, 267 Mass. 49. In effect, it is the defendant's contention that the verdict, both before and after remittitur, was so excessive in amount that it should have been set aside as an entirety. See *Tildsley* v. *Boston Elevated Railway*, 224 Mass. 117, 119; *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31.

The general rule has been stated repeatedly that the disposition of a motion to set aside a verdict for recognized causes rests in sound judicial discretion. *Bilsky* v. *Braley*, 246 Mass. 480, 481, and cases cited. *Palma* v. *Racz*, 302 Mass. 249. See *Reeve* v. *Dennett*, 137 Mass. 315, 318; *Simmons* v. *Fish*, 210 Mass. 563; *Long* v. *George*, 296 Mass. 574, 578–579. "An exception lies only to review an 'opinion, ruling, direction or judgment . . . rendered upon any matter of law.' G. L. (Ter. Ed.) c. 231, § 113. The denial of the motion [for new trial] involved no ruling of law, but

only the exercise of a discretion that we cannot review on exceptions." *Goodyear Park Co.* v. *Holyoke*, 298 Mass. 510, 512, and cases cited.

But the defendant requested the judge to rule as matter of law that the "finding" as to damages was so excessive as to require a complete new trial, or the exercise of discretion to order one. See *Coffing* v. *Dodge*, 169 Mass. 459, 461. We think there was no error in the denial of these requests. We have carefully examined all the evidence, and it would serve no useful purpose to recite it. The extent of the plaintiff's injury and the sum that would fairly compensate her for it were questions of fact, *Macchiaroli* v. *Howell*, 294 Mass. 144, 148, and when those facts have been determined, they are not ordinarily reviewable in this court except in so far as the determination is tainted by some error of law. *Palma* v. *Racz*, 302 Mass. 249, 250. See *Opinion of the Justices*, 207 Mass. 606, 609–610. It is true that the damages awarded were substantial, but we cannot say that "no conscientious judge, acting intelligently, could honestly" have acted upon the motions as did the judge in the case at bar. *Palma* v. *Racz*, 302 Mass. 249, 251, and cases cited. See *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. It follows that it cannot be said that there was error in the denial of the requests for rulings.

*Exceptions overruled.*