Gadsby, J.
This is an action of contract in which the plaintiff seeks to recover damages for breach of a written contract, by the terms of which the defendant was to credit the plaintiff with a certain allowance toward the purchase of an automobile.
It appeared that the son of the plaintiff owned an automobile which had been damaged. A transfer of this car was made to the defendant. On June 24, 1936, the plaintiff signed a written order, in duplicate, upon the printed *105 form, of the defendant which was accepted by the defendant. Under the terms of this order, a credit of $304.39 was allowed by the defendant on the automobile turned over to it, which was to be applied toward the purchase of an automobile by the plaintiff. A copy of this order is as follows:
“North Shore Chevrolet Company, 139 Central Avenue, Lynn, Mass. June 24,1938
Please enter my order for — New or Late Model. Used car — 1936 — 1937—1938. To be delivered — . Price of car — . Extras — . Total price — . Less Deposit — . Less Used Car Allowance — $600.00. Balance Due upon Delivery — . Car purchased from — . Name — North Shore Chevrolet. Address — Lynn. Tear —’37 Make — Chev. Type — Sp T Sd. Engine— #805578. Maker’s #2GH05 — 56646. Remarks — deducting $245.61 due GMCA plus $50.00 repair on Used Car, an equity of $304.39 to apply as above.
/s/ Newman j. garland
26 Waitta Ave.
Salesman — Fontaine
Accepted by— ■
Dealer’s Signature — Gratton”
On March 2,1940, the plaintiff selected a 1936 automobile from the defendant’s stock and requested the defendant to credit him with said allowance toward the purchase of that car. This the defendant refused to do, stating that the plaintiff would have to take a 1938 or 1939 model.
The trial judge found for the plaintiff for the amount of the credit allowed him by the defendant, stating in his decision, “I find that the contract fails for vagueness and indefiniteness and therefore is not an enforceable contract.”
The defendant filed eleven requests for rulings of law. The Court allowed requests #2, 3, 4, 5, 6, 7, and denied requests '#1, 8, 9,10, and 11.
*106 Bequest #1. There is sufficient evidence to warrant a finding for the defendant.
Under this request the defendant was entitled to that ruling, or to a statement of findings of facts showing that the requested ruling had become irrelevant. Bresnick v. Heath, 292 Mass. 293 at 298.
If the trial judge in denying this request had made no finding of facts, then the defendant might argue that the denial of this request was error because he would be unable to determine, under such general finding, whether it was based upon finding the facts essential to recovery or upon an unexpressed and possibly erroneous ruling of law. But in this case, the refusal of the requested ruling did not deprive the defendant of that right because the judge did consider the evidence upon the crucial question of fact. Strong v. Haverhill Electric Co., 299 Mass. 455 at 456.
The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law, and must pass on pertinent requests for rulings of law presented to him for this purpose in such a way as to make it plain that he has not fallen into error. Hetherington & Son v. Firth Co., 210 Mass. 8 at 18. Castano v. Leone, 278 Mass. 429; Povey v. Colonial Beacon Oil Co., 294 Mass. 86 at 93.
The judge in his finding that no valid contract existed ' thus rendered this request inapplicable to the facts.
The remaining requests were as follows:
8. That an -unreasonable length of time having elapsed since the time of making the contract, the plaintiff cannot recover as he has failed to take advantage of the contractual relationship within a reasonable time.
9. That the plaintiff and the defendant made a contract in 1938 for the sale of a 1938 automobile; that in *107 1938 the automobile in question would have been valued at a much higher price than a 1938 automobile in 1940, and that the contract in 1938 was a contract to sell an article at its stabilized price which could be ascertained at that time between the parties; that the demand of the plaintiff in 1940 cannot be maintained by an action for breach of contract for a contract that was made in June 1938 for the reason that an unreasonable length of time had elapsed.
10. No contractual relationship! ever existed between the plaintiff and the defendant other than that acquired by assignment from the original contracting party who was son of the plaintiff; that under these circumstances, the plaintiff’s rights are no greater than the original contracting party from whom he obtained his rights by assignment.
11. That the contract and its specifications must be lived up to without deviation, otherwise the plaintiff cannot recover and the finding must be for the defendant.
These requests were all based on the assumption that a valid contract existed. They were properly denied since they were based upon an assumption not found by the court to exist. They therefore became immaterial in view of the finding of the court, and come within the rule of Cameron v. Buckley, 299 Mass. 432 at 434. ‘Those refused which were for rulings of law were based on assumption of facts not in accord with the facts found by the judge; they were thus rendered immaterial and were properly denied.” Mahoney v. Norcross, 284 Mass. 153 and cases cited.
A general finding for the plaintiff imports a finding of all subsidiary facts necessary to that conclusion; the finding must stand if permissible upon any reasonable view of the evidence. Adams v. Dick, 226 Mass. 46 at 53. Ken *108 nedy Bros. Inc. v. Bird, 287 Mass. 477 at 484. Dolham v. Peterson, 297 Mass. 479 at 481.
There is one remaining problem, and that concerns the finding of the court for the plaintiff, in the amount of the turned-in value of the car.
In the ordinary situation, if a party claims to be aggrieved by the action of the trial judge in regard to the damages, awarded, he has no standing in the Appellate tribunal unless he has raised that issue. This the defendant has not done.
In Birch v. Boston & Maine R. R., 259 Mass. 528 at 531, the court said, “We must assume that his decision, fixing the amount of these damages, was a finding of fact upon the evidence.”
In Palmer v. Racz, 302 Mass. 249 at 250, the court said, “The extent of the plaintiff’s injury and the sum which would fairly compensate him for it were questions of pure fact which are not reviewable in the Appellate Division, or in this court in an action at law.” See Macchiaroli v. Howell, 294 Mass. 144 at 148.
Furthermore G. L. (Ter. Ed.) Chapter 231 — Section 113, provides that “an exception lies only to review an opinion, ruling direction or judgment * * * rendered upon any matter of law.” See Kinnear v. General Mills Inc., 308 Mass. 344 at 348.
Thus it would appear at first glance that the defendant has no standing in the Appellate Court on the question of damages. But the trial judge has expressly found for the plaintiff for the turned-in value of the car rather than the market value. This is apparent on the face of the record. Under G. L. (Ter. Ed.) Chapter 231 — Section 108, the Appellate Division has authority to order a new trial in whole *109 or in part, in order to achieve justice. It is clear that there is a difference between what may be allowed by a dealer on a trade-in allowance and a cash basis. Therefore the assessment of the trial judge was erroneous.
A court of review has not only the right but the duty, when it is apparent from the record that adequate justice has not been awarded the parties by a ‘decision of the trial court, to order a new trial restricted to damages.
In Simons v. Fish, 210 Mass. 563 at 568, the court said, “But when a proper occasion clearly exists, it is in the interest of justice to exercise the power.”
In Symmes Arlington Hospital Inc. v. Arlington, 292 Mass. 162 at 165, “We think that the stipulation does not tend to the doing of justice and that we ought to exercise our undoubted power to vacate it; to set aside the assessment of damages, and to order a new trial limited to the question of damages.”
Every necessary element of liability has been established by the trial judge. Therefore an entire new trial would be unnecessary. Morin v. Stromberg, 309 Mass. 146 at 149.
The case is therefore remanded to the trial court and a new trial ordered limited to the amount of damages only in accordance with this opinion.