*Southern District*

### JEROME J. JACOBS
### v.
### ROBERT T. LLOYD

*Present*: Nash, P.J., Cox,, Sgarzi, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline No. 935 of 1961.

*Sgarzi, J.* This is an action of tort in which the plaintiff alleges damage to his property, namely an automobile, caused by the negligence of the defendant. The answer is a general denial and allegation of contributory negligence.

*There was evidence that* on January 25, 1961 while approaching Gloucester Street on Commonwealth Avenue in Boston the plaintiff brought his car to a stop and while in this stopped position was struck in the rear by a car operated by the defendant. On the question of damages the plaintiff testified that his car was a 1959 Plymouth Convertible Coupe which was in excellent condition before the collision. He gave an opinion of fair market value of $1500.00 before the accident and $1250.00 afterward. There was further testimony on the part of one in the automobile repair business that he had examined the damaged car and that a fair and reasonable charge for the repair of the vehicle including

replacement of broken parts would be $227. The defendant testified that the damage to his own car was slight and that he saw no visible damage to the plaintiff's car.

The Court found for the plaintiff in the sum of $50.00. The plaintiff filed a motion for a new trial and prior to the hearing of the motion presented the following request for ruling:

> "The motion for new trial should be allowed and a new trial granted so that the finding will be in accordance with law and the evidence."

This request was denied as was the motion for new trial and the plaintiff claiming to be aggrieved by this action the matter is reported to the Division for determination.

Ordinarily a motion for new trial is addressed to the sound discretion of the judge and his action is not subject to review unless it shows abuse of discretion or error of law. *Nicoli v. Berglund,* 293 Mass. 424; *Restuccia v. Bonner,* 287 Mass. 592; *Davis v. Boston El. Ry.,* 235 Mass. 482.

The question raised by the denial of the plaintiff's request for ruling on the motion for new trial is whether on the evidence the award of damages was inadequate as matter of law. The extent of the damage done to the plaintiff's car was a question of fact and it is well settled that a finding of fact cannot be disturbed if there is evidence to support it. *Sutherland v. McGee,* 329 Mass. 530; *Abele v. Dietz,* 312 Mass. 685; *Bangs v. Farr,* 209 Mass. 339.

■ The judge was not required to accept the opinion of value expressed by the plaintiff and could well discount the estimates of the repairman which among other things called for the installation of a number of new parts. On the other hand he could accept the view of the defndant that there was no visible damage to the car.

■ In the case of *Cerrato v. Miller,* 264 Mass. 533 involving a verdict which showed greater disparity from the testimony than in the case at bar, the Court said:

> "The finding for the plaintiff established that the accident which caused the property damage sought to be recovered was due solely to the negligence of the defendant; but it did not establish that the witnesses who testified that damage resulted in excess of $1.00 were trustworthy or that they stated accurately the damage caused by the accident. The verdict for $1.00 is a finding that no greater amount was shown to be due by trustworthy testimony, and may well be a proper verdict, although all the witnesses testified to facts which, if believed would prove larger damages."

See also *Murnane v. MacDonald,* 294 Mass. 372; *Palma v. Racz,* 302 Mass. 249; *Moran v. Pieroni,* 326 Mass. 516.

Since we find no prejudicial error, the report should be dismissed.

George B. Rubin of Boston, for the Plaintiff.
Louis J. Gonnella of Boston, for the Defendant.