*Northern District*
### CORNELIUS F. SULLIVAN
### v.
### FRED B. MULLANEY et al

Argued: June 17, 1964—Decided: July ——, 1964

*Present*: Connolly, J. (Presiding), Parker & Moore, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. 861 of 1959.

*Moore, J.* This is an action of tort in which the plaintiff seeks to recover for physical injury to himself and for property damage to his automobile occasioned by the negligent operation of a motor vehicle by the defendants. The motor vehicle operated by the defendants was a fire department ladder truck with one of the defendants steering the tractor portion and the other the rear steering device.

The trial judge found for the plaintiff against each defendant and assessed damages for the property damage in the sum of $152. which was the amount agreed upon by the parties.

As to the physical injuries the trial judge assessed damages in the sum of $1877.00

whereupon the defendants filed a motion for new trial on the grounds that:

"1. The finding for the plaintiff is against the evidence.

2. The finding for the plaintiff is against the weight of the evidence.

3. The finding for the plaintiff is against the law.

4. The damages assessed against the defendants in favor of the plaintiff are excessive."

The trial judge denied the motion and the defendants claim they were aggrieved as alleged in Par. 4 of the motion because the damages were excessive.

There can be no question as to the amount awarded for the *property damage* as that amount was agreed upon between the parties.

As to matter of the damages awarded for the *personal injuries,* there was evidence that the plaintiff's left elbow, back and left knee "bothered" him for about two months but that he lost no time from work, nor did he suffer any loss of wages. However, he was assigned light duty in the police department "but relied on his partner for more assistance than would be expected ordinarily".

The denial of a motion for a new trial on the question of damages ordinarily involves no ruling of law but only the exercise of a discretion which we cannot review. *Goodyear Park Co. v. Holyoke,* 298 Mass. 510.

The extent of the plaintiff's injury and the sum that would fairly compensate him were questions of fact. *Kinnear v. Gen-*

*eral Mills, Inc.,* 308 Mass. 344, 349. The Appellate Division cannot review questions of fact found by the trial judge but only rulings of law. *Palma v. Racz,* 302 Mass. 249.

■ The only basis on which a matter of this nature would be properly before us would be on a question as to whether the award was so erroneous that as a matter of law it ought not to stand. *Bartley v. Phillips,* 317 Mass. 35, 40. In our opinion there was no abuse of discretion amounting to an error of law or that any miscarriage of justice resulted in the denial of the motion.

■ We did not see the witnesses or the parties in this case or hear the evidence and we do not feel we can say "that no conscientious judge, acting intelligently, could honestly have" awarded the damages for personal injuries that he did. *Bartley v. Phillips,* 317 Mass. 35, 43.

We do not find any prejudicial error and the order should be; *report dismissed.*

Dimento and Sullivan, of Boston, for the Plaintiff.

Douglas A. Randall, of Quincy, for the Defendants.