*Northern District*
No. 6039
**HARRISON GAGNE**
v.
**CEDAR DEVELOPMENT CO., INC.**

*Present*: Brooks, P. J., Parker & Yesley, JJ.
　Case tried to *Tamkin, J.* in the District Court of Newton. No. 4594 of 1960.

*Yesley, J.* This is an action to recover $1375.00 for .commissions due on the sale of real and personal property and for services in connection with the promotion of a real estate development. The action, brought in the District Court of Newton, was removed by the defendant to the Superior Court and remanded to the court or origin under G. L. c. 231, §102C. Prior to the remand, the parties,

without knowledge of plaintiff's attorneys, settled the case on the following terms: payment by Leonard Ostrow, the defendant's president and treasurer, of $100.00 in merchandise and delivery of two promissory notes payable to the plaintiff, one a note of the defendant in the amount of $150.00, payable on *May* 1, 1962, and endorsed by said Ostrow, and the other a note of said Ostrow in the amount of $400.00, payable on *May* 10, 1962; in exchange for which a general release was given by the plaintiff. No amounts have been paid on account of either note.

On *June* 9, 1964, the case was reached for trial before (assigned) Justice Tamkin. The defendant moved to amend its answer by setting up the release; this was allowed. A petition by plaintiff's counsel to establish and enforce an attorney's lien under G. L. c. 221, §50, was also filed and heard at the same time. The trial justice found for the defendant in the main action on *August* 6, 1964, and on *October* 19, 1964 found that the petitioners were entitled to a lien of $350.00, which he found to be a reasonable fee for their services to the plaintiff. The defendant claimed a report of the denial of its request for ruling filed in connection with the hearing of the petition that: "The evidence does not warrant a finding that the sum of $350.00 is a reasonable fee."

The trial justice found that the petitioners' services consisted of conferring with the plaintiff, searching records at the State House,

drawing a writ returnable to said District Court, mailing the writ to the sheriff with instructions to make an attachment of the real estate of the defendant, entering the writ, filing a statement in the Superior Court under Rule 33A, and engaging in correspondence with counsel for the defendant. He did not include the services of the petitioners in connection with the trial of the main action, in determining the amount of the fee.

The petitioners base their claim for an attorney's lien on G. L. c. 221, §50, which provides that:

> "From the authorized commencement of an action . . . . . , the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses *upon his client's cause of action,* . . . . . upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending . . . . . may determine and enforce the lien . . . . . "
> (*Emphasis added*)

█ The defendant encounters the difficulty at the threshold, as to whether it has any standing to question the determination by the judge of the amount of the lien. This appears to be an issue between the plaintiff and his attorneys, in which it would not seem that the defendant has a justiciable interest. The statute in effect combines in a single proceeding two different steps, one at law and the other in equity; the *first* being the estab-

lishment of whether the lien exists and the amount thereof, involving a question at law, and the *second* being an equitable proceeding to collect the indebtedness so determined. *Elbaum v. Sullivan,* 344 Mass. 662. The plaintiff claimed no appeal from the determination of the amount of the lien. That issue was between him and his attorneys, the petitioners, to be adjudicated as in an action at law. *Stockbridge v. Mixer,* 215 Mass. 415.

The defendant gains no right to be a party to that issue merely because in the same proceeding it is also sought to enforce the lien by reaching, in an equitable fashion, proceeds which do concern the defendant. The only question which the defendant asked to be reported concerned the amount of the fee determined by the court to be owing to the petitioners from the plaintiff. In that issue it had no interest that would give it standing as a party.

The defendant argues that after the court's finding for the defendant in the main action on August 6, 1964, nothing remained but to enter judgment on that finding, and that the District Court could not thereafter establish the lien. This argument is negatived by the plain proviso of the cited statute (G. L. c. 221, §50) that the court in which the proceeding is pending may determine the lien. The action was clearly still pending in the District Court when the request for establishment of the lien was filed.

Although the defendant did not speci-

fically save the question, we state our opinion that the statutory attorney's lien may not be defeated by a secret settlement between the parties without the knowledge of the plaintiff's attorney and that the lien may attach to the proceeds derived from the settlement, as it would to the proceeds of a judgment. See *In re Hoy's Claim*—93 Fed. Supp. 265 (U.S. D.C.—District of Mass.—1950) ; *Woodbury v. Andrew Jergens Co.,* 91 F2d 49 (2 cir.).

Further, while the precise question raised by the report, namely, as to whether the evidence warranted a finding that the sum of $350.00 was a reasonable fee, is also not reached for the reasons stated above, it may be said that we have considered that question and it is our opinion that, based on the familiar considerations governing the amount of attorney's fees (*Cummings v. National Shawmut Bank,* 284 Mass. 563), it could not have been ruled as matter of law that the evidence did not warrant a finding of $350.00 as a reasonable fee, although a fee of $350.00 does appear to be somewhat high for the services rendered. There was no error. *The report is ordered dismissed.*

Widett & Kruger for the Plaintiff.
Harry B. Zonis for the Defendant.