*Southern District*

# No. 101

## PAULA J. LA PORTE

v.

## ROYAL GLOBE INDEMNITY COMPANY

Argued: January 28, 1975. Decided: July 2, 1975.

Case tried in the District Court of Brockton, *Hurd, J.*
 Number: 49654

Present: *Murphy, P.J.; Lee, Tamkin, J.J.*

**Tamkin, J.** This is an action of contract in which the plaintiff seeks to recover under Count 1 and Count 2 for property damage sustained to her motor vehicle and under Count 3 of her declaration for double damages and reasonable attorney's fees under the provisions of G.L. c.90, §34-0. The answer is a general denial.

The case was tried before Hurd, J. in the District Court of Brockton on December 18, 1973.

The court made a finding for the plaintiff in the sum of $1,358.00 on both Counts 1 and 2 and for the defendant on Count 3.

The court made a specific finding: "I find that the defendant insurer was negligent in the manner in which it processed the plaintiff's claim and I find that the defendant has failed to pay the claim within fifteen (15) days of receipt thereof from the plaintiff, but such negligence and failure to pay does not in the court's opinion constitute a refusal to pay the claim or amount to such a degree of unreasonableness as to constitute a refusal within the language of Section 34-0 of Chapter 90 of the General Laws."

On a report, this case was appealed to the Appellate Division which Division held that: "as a matter of law that the trial court was in error in finding that, such negligence and failure to pay does not in the

court's opinion constitute a refusal to pay the claim or amount to such a degree of unreasonableness as to constitute a refusal within the language of G.L. c.90, Section 34-0; ordered "the findings vacated on Counts 1 and 2, and ordered the case remanded to the District Court of Brockton for determination of double damages, costs, and reasonable attorney's fees."

The case was further heard in the District Court by *Hurd, J.* The sole witness as to the fair and reasonable value of the attorney's fee was the plaintiff's attorney, Albert E. Grady, who testified in great detail as to the time he expanded, the nature of the services rendered, his biographical background, and his legal experience. He testified [a] that the fair and reasonable services he rendered to the plaintiff in the making of the claim on behalf of the plaintiff against the defendant including the trial before the District Court was $1,225.00 and [b] that a fair and reasonable charge for his services in preparation of the case before the Appellate Division and for the further trial of the case was $2,735.00.

At the close of testimony and before final argument, the defendant filed the following request for ruling: "The evidence and the law require that a finding be entered in the amount of One Thousand Three Hundred Fifty-Eight Dollars ($1,358.00) and that no other finding is warranted."

The court denied this request and found for the plaintiff for $2,716.00 double damages, $2,375.00 attorney's fees and $17.48 costs.

The defendant, although not disputing the court's finding in the original trial, claims to be aggrieved and seeks to raise as a question of law whether the original finding in the amount of $1,358.00 should not have been allowed to stand and that the order of the Appellate Division awarding double damages and attorney's fees was in error.

The plaintiff claims to be aggrieved by the finding of reasonable attorney's fees in the amount of $2,375.00 in that the only evidence offered at the second hearing was that a reasonable attorney's fee through August 23, 1974 (Date of finding in second hearing in District Court) was $3,960.00.

Both parties being aggrieved, the trial justice reported the case to the Appellate Division for its further consideration.

The report was stated to contain all the evidence material to the conclusions reported.

This Division, in our decision in the matter of *LaPorte v. Royal Globe Indemnity Company* 25 LEGALITE 340, 54 Mass. App. Dec. 185 fully disposed of all of the identical issues raised once again by the defendant in this appeal.

■■ According to docket entries, the defendant appealed this decision to the Supreme Judicial Court, but, failing to perfect that appeal, it waived any right to any further hearing on the question at issue.

There being no prejudicial error. The report is dismissed as to the defendant Royal Globe Indemnity Company.

■ The issued raised by the plaintiff is that in view of the fact that the plaintiff was the only witness to offer testimony as to the fair and reasonable services rendered whether the trial court was in error in not accepting in "toto" the plaintiff's opinion evidence of his services.

We determine that the trial court was not in error.

*Ryder v. Warren*, 295 Mass. 24, at page 28 (1936), the court stated: "The trial judge found that the defendant was entitled to a fee for services and expenses as an attorney of only one thousand dollars ($1,000.00). The judge could make that finding even though no witness appraised the value of such services and expenses at that particular amount. *Piper v. Childs*, 290 Mass. 560, 563."

"The principles of law applicable to claims of attorneys for services are not different from those applicable to claims of surveyors, or mechanics, or farmers." *Blair v. Columbian Fireproofing Co.,* 191 Mass. 333, 336 . . . .

"In determining what is a fair and reasonable charge to be made by an attorney for his services, many considerations are pertinent, including the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured. Neither the time spent nor any other single factor is necessarily decisive of what is to be considered as a fair and reasonable charge for such services. The justice who presided at the trial and heard the testimony of the witness was in a position to decide the credence and weight to be given to their testimony." *Cummings v. National Shawmut Bank,* 284 Mass. 563, 569 (1933).

"The opinion evidence of expert witnesses as to the value of an attorney's services is not conclusive or binding either on the court or on the jury. It is to be taken into consideration, with all the other evidence in the case, in arriving at a conclusion as to the just value of the services performed. The jury, or the court, in cases tried without a jury, must weight the testimony of attorneys as to the value of the services by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services." 7 Am. Jur. 2d 197, b 269, 7 CJS, 1129, b 205.

In *Thibault v. DeVio,* 318 Mass. 605, 606 (1945) involving homemaker's services, stated: "Even if an opinion of the value of the plaintiff's services were

introduced in evidence, the jury* (judge as trier of facts) were not bound to accept any such opinions as true; and if they rejected such testimony, they would not be prevented from determining for themselves upon all the other evidence what would be fair and reasonable compensation for such services." Also see *Jacobs v. Lloyd*, 24 Mass. App. Dec. 157, 160 (1961); *Davis v. Loring Aluminum Corp.*, 35 Mass. App. Dec. 1, 5 (1966); *Empire Engineering Co., Inc. v. Richmond Brothers, Inc.*, 35 Mass. App. Dec. 6, P.12 (1966).

■. The extent of the amount of reasonable attorney's fees was a question of fact. See *Kennear v. General Mills, Inc.*, 308 Mass. 344, 349 (1941). The Appellate Division cannot review questions of fact found by the trial justice but only rulings of law. See *Palma v. Racz*, 302 Mass. 249 (1939); *Sullivan v. Mullany*, 29 Mass. App. Dec. 74, 76 (1966).

"In this court as an appellate tribunal, an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law.

■. An abuse of discretion consists of judicial action "that no conscientious judge, acting intelligently, could honestly have taken." *Bartley v. Phillips*, 317 Mass. 35, 43-44 (1944).

■. In view of the entire evidence, we are unable to reach the conclusion as contended by the plaintiff that the finding of the trial justice was inadequate as a matter of law. See *Gagne v. Cedar Development Co., Inc.*, 32 Mass. App. Dec. 71, P.76.

There being no prejudicial error, the report is dismissed as to the plaintiff.

---

* Our insert