*Southern District*

No. 108

# MARKHAM COMPANY TRACERS, INC.

v.

# HYMAN ISSNER

Argued: July 1, 1975. Decided: November 28, 1975.

Case tried to *Sullivan, S. J.,* in the District Court of East Norfolk. No. 2723.

Present: Lee, P.J., Tamkin, J.

Counsel for defendant: Samuel Zaharoff.

**Tamkin, J.** This is an action of contract to recover damages caused by the breach of contract. The parties entered into an agreement whereby the defendant promised to pay to the plaintiff fifty (50%) percent

of the value of assets and disclosure of same to the defendant, the defendant caused the assets to be sold and refused to pay to the plaintiff fifty (50%) percent of the proceeds of the sale. The answer is a general denial, accord and satisfaction, that the agreement was void as contrary to public policy and that the agreement was void for want to consideration.

The court found for the plaintiff in the sum of $100.00.

We summarize the evidence as follows: In late October, 1972, the defendant Issner received a document from the plaintiff Markham which recited that Markham had discovered assets belonging to Issner, that Issner authorized Markham to recover these assets and upon recovery fifty (50%) percent of the value of the assets would be payable to Markham for the service and expenses rendered and to be rendered in the discovery, disclosure and/or recovery of the assets. The document also recited that Markham would pay the costs of recovery and that Issner would do whatever was necessary to assist.

During the second week of January, 1973, Issner signed the document and mailed it to Markham. In reply, he received a letter from Markham disclosing that the dormant assets are 200 shares of Kingston Products Corp., registered N/O Hyman Issner, called for exchange into 66 shares of Scott & Fetzer Co. plus cash in lieu of fractions, plus accrued dividends, and requesting that an enclosed power of attorney be executed and returned along with the stock certificates.

Issner did not reply as requested. On January 30, 1973, he wrote to Markham advising that his own brokerage house was handling the exchange and that he no longer needed Markham's services.

The exchange was made on February 9, 1973. Issner received 66 shares of stock, which was then worth $42.00 per share, and accrued dividends of $200.00. This was the only evidence adduced as to the value of the stock.

Issner was at all times aware of his ownership of the Kingston stock, which he kept in a safe, but was unaware that Kingston had merged with Scott. Issner paid nothing to Markham.

The plaintiff moved for a new trial solely on the issue of damages. The motion was denied, and the plaintiff claims to be aggrieved by that denial.

We are in agreement with the plaintiff. The trial court was in error in denying the motion for a new trial on the issue of damages. The Appellate Division cannot review questions of fact found by the trial judge, but only rulings of law. See *Palma v. Racz,* 302 Mass. 249 (1939). See *Sullivan v. Mullaney,* 29 Mass. App. Dec. 74, 76 (1966).

"In this court as an appellate tribunal, an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." (See cases cited at page 43-44) . . . An abuse of discretion consists of judicial action "that no conscientious judge, acting intelligently, could honestly have taken." (See cases cited at pages 43-44). *Bartley v. Phillips,* 317 Mass. 35, 43 (1944).

The plaintiff corporation Markham had reached an agreement with the defendant Issner "that if upon recovery, Markham had discovered assets belonging to Issner, that Issner would authorize Markham to recover those assets and that upon recovery, fifty (50%) percent of the value of the assets would be payable to Markham for the services and expenses rendered and to be rendered in the discovery, disclosure and or recovery of the assets." We conclude that Markham had discovered assets involving 66 shares of stock.

We further conclude that the trial justice was in error in finding damage on the basis of 50% of the accrued dividends and not on the basis of 50% of the value of the assets discovered.

In view of the entire evidence, we conclude that the finding of the trial justice was inadequate as a matter of law, and this amounts to prejudicial error.

We hereby vacate the finding of $100.00 and order the case remanded to the District Court of East Norfolk for a determination of damages.