508

Elizabeth GALBRIATH
vs.
Robert L. CHILDS[1]

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 10, 1980

Alan M. Winsor for the plaintiff.
Richard L. Curley for the defendant.

Present: Lee, P.J., Hurd & Welsh, JJ.

HURD, J. The plaintiff claims damages by reason of the defendant's failure to make timely delivery of furniture and household goods from the plaintiff's home in Barnstable to a house she had rented in Hawaii.

The court found for the plaintiff in the amount of $9,000.00

No useful purpose would be served by an extensive recital of the somewhat remarkable events adduced by the evidence at the trial. Suffice it to say that in May, 1971, the plaintiff entered into an agreement with the defendant to ship her furniture and household goods, including clothing, from Barnstable to Hawaii. The agreement provided for shipment of the items on June 15 or 16, 1971, and "as soon as possible." The plaintiff insisted, and so informed the defendant, that compliance with these shipping instructions was necessary because she had leased a house in Hawaii to another for the months of October, November and December. The furniture was required to be in place prior to the commencement of the rental term, as the lease required that the house be furnished.

While the defendant packed and moved the plaintiff's furniture and goods in June, 1971, it failed to ever ship them to Hawaii. The furniture and goods remained in the defendant's storage warehouse until returned to the plaintiff's house in Barnstable in February, 1972, pursuant to her order. Certain cartons containing clothing and a sewing machine were directed to

[1]Doing business as Childs Moving and Storage.

be shipped air freight to Hawaii in February, 1972, but the defendant failed to ship them until June, 1972. The cartons containing the clothing arrived in Hawaii in July, two months after the plaintiff returned to Massachusetts. The sewing machine never did arrive, and was still missing at the time of trial.

There was further evidence tending to show that in addition to the $6,000.00 loss of rental claimed by the plaintiff, it was necessary for the plaintiff to borrow $10,000.00 for a term of three and one-half years at eight and one-half percent interest per annum on account of which she paid $2,975.00. The plaintiff, a dealer in antiques, also testified that certain items of antique furniture stored by the defendant were damaged to the extent of $325.00. The plaintiff claimed that these sums represented a balance due her from the defendant after deducting charges for the shipment of her clothing and sewing machine and the return of her furniture to her Barnstable home.

At the time that this appeal was heard by us, the defendant conceded that the finding of the trial court that the defendant had breached the agreement was supported by the evidence, and further, that such breach had deprived the plaintiff of $6,000.00 in rental income. Thereafter, the defendant proceeded to argue that the trial court's finding of $9,000.00 was excessive to the extent of $3,000.00 and was not supported by the evidence.

We note at the outset that the defendant failed to include a request for a ruling that the trial court's finding as to damages was not supported by the evidence. Such an omission is ordinarily fatal as it is well established that the extent of a plaintiff's injury and the sum that would fairly compensate her for it are questions of fact. **Macchiaroli v. Howell**, 294 Mass. 144, 148 (1936). When those questions have been determined, they are not ordinarily reviewable on appeal except insofar as the determination made is tainted by some error of law. **Palma v. Racz**, 302 Mass. 249, 250 (1939). See **Kinnear v. General Mills, Inc.**, 308 Mass. 344, 349 (1941); Opinion of the Justices, 207 Mass. 606, 609-610 (1911).

The scope of review available to a litigant in the Appellate Division is confined to issues of law. G.L. c. 231, s. 108 as amended; G.L. c. 231, s. 109. See **Huikari v. Eastman**, 362 Mass. 853, 867 (1972). "Damages are always a question of fact and questions of fact are rarely reviewable by the Appellate Division." **Freeman v. Marchi**, 30 Mass. App. Dec. 114, 122 (1965).

In order to dispose of this matter, we shall treat this claim of excessive damages as if it were before us by reason of the trial court's denial of a motion for a new trial.

"Whether there has been an error of law in the amount of damages may be properly raised in a motion for new trial [cases cited] . . . This is a logical approach as a question regarding whether the damages awarded are excessive would normally arise only after such damages have been determined."

**Gangi Realty Corp. v. Hale**, Mass. App. Div. Adv. Sh. (1978) 10, 20.

We turn now to an examination of the evidence relating to damages. In addition to the $6,000.00 in rental loss, which is not in dispute, the trial judge could have found that the plaintiff was obligated to pay $2,975.00 in interest for funds which it was necessary for her to borrow in order to purchase furniture and household goods to substitute for those items which the defendant failed to ship. There was also evidence as to damage to the plaintiff's antique furniture caused by the defendant in the amount of $325.00, and as to the loss of a walnut highboy and a sewing machine for a total of $863.10 in services not performed by the defendant.

We conclude from our review of the evidence that the trial court's determination of damages was amply supported by the evidence and not tainted by any error of law. Had the trial judge denied a motion for a new trial in this case, we cannot see on the evidence shown how such an act would have constituted an abuse of discretion. An abuse of discretion is judicial action that "no conscientious judge, acting intelligently, could honestly have taken." **Bartley v. Phillips**, 317 Mass. 35, 43-44 (1944); **Davis v. Boston Elevated Ry.**, 235 Mass. 482, 502 (1920).

510

See Telles v. Macedo, 59 Mass. App. Dec. 150, 155-156 (1977).

In summary then, we are unable to review the amount of damages as herein presented. However, were it properly raised, and were we reviewing the denial of a motion for a new trial on the grounds of excessive damages, we would affirm the denial. The evidence heard by the trial judge was more than supportive of the amount of damages awarded.

There being no prejudicial error, the report is dismissed.

So ordered.
J. Hurd