Whitehead, J.
BACKGROUND
Attorney Carlo Cellai seeks to determine and enforce a lien against the defendant for services performed by him on plaintiffs behalf in the instant case. The facts, insofar as they are material to the motion, are undisputed.
Plaintiff, Frances Kraft, had resided with the decedent, William Kelly, Jr., for a period of time prior to his death. During that time, the decedent had prepared a will naming her as devisee of the couple’s residence. A fire occurred at the residence in 1993, allegedly as the result of negligent smoking by the decedent. The decedent was killed by the fire. Plaintiff was injured. The house and personal property of the plaintiff were damaged.
Plaintiff apparently paid for some of the work to restore the residence to a habitable state. An insurance company paid to the defendant the executor of the decedent’s estate, an amount which both agreed to be the value of the repairs undertaken. The defendant took the position that since the realty had partially turned to personality, in the form of the insurance proceeds, those proceeds passed to the residuary legatee under the will.
Plaintiff ultimately brought this action against the decedent’s estate. She sought to recover for personal injuries sustained during the fire, damage to personal property of hers which was destroyed and the amounts which she had paid toward the repair of the home. She also sought a declaratory judgment to the effect that she was entitled to receive the aforementioned insurance proceeds. By way of a motion for partial summary judgment, she prevailed on her claim for a declaratory judgment. Having ruled in her favor, the Court stated, in its Memorandum of Decision:
The final issue to be discussed is the exact amount to which the plaintiff is entitled. The plaintiff has claimed that she is entitled to the full $48,732.38 paid to the estate by the decedent’s insurance carrier. The defendant, however, argues that even if the plaintiff is entitled to the proceeds of the insurance policy, she is only entitled to said proceeds subject to the decedent’s debts, funeral expenses, taxes and the costs and expenses of administering the estate. While this is partially correct, it is not entirely so. The $48,732.38 is, under the circumstances surrounding this case, part of a specific bequest. As such, while it is subject to the expenses listed above, it may only be used to satisfy such expenses once the rest of the general bequests and legacies in the estate are exhausted. Johnson u. Home For Aged Men, 152 Mass. 89 (1896).
The Court then issued the following order:
For the reasons outlined above, the plaintiffs motion for summary judgment on Count V of the complaint is ALLOWED. To the extent that the general legacies, bequests, and residuary are insufficient to pay the expenses detailed above, such expenses shall be paid from the' proceeds of the insurance policy. To the extent that the proceeds of the insurance policy are not required to pay such expenses, the defendant holds said proceeds in a constructive trust for the benefit of the plaintiff. If the expenses detailed above can be satisfied in their entirety from the general bequests and residuary, the defendant will hold the entire proceeds of the insurance policy in a constructive trust for the benefit of the family.
A document entitled “Summary Judgment on Count V” was issued by the Clerk. However, the document was unsigned and, in any event, had only the status of an interlocutory order. A motion for entry of separate and final judgment under Mass.R.Civ.P. 54(b) was denied, and the litigation of the remaining claims continued.
Mr. Cellai had initiated the litigation on plaintiffs behalf, had obtained the summary judgment and continued to handle the litigation until just before trial was scheduled. At that point, plaintiff discharged him and retained new counsel. New counsel ultimately settled the entire case for $7,500.00. Releases were executed and a stipulation of dismissal was filed.
DISCUSSION
1. Recovery Against the Insurance Proceeds
Mr. Cellai asserts that he is entitled to a lien against the insurance proceeds and the settlement proceeds. With respect to the insurance proceeds, he contends that the Court’s order establishing a constructive trust constituted an "order in the client’s favor,” within the meaning of G.L.c. 221, §50, and that, therefore, the proceeds of the trust became irrevocably subject to the lien. However, the order was an interlocutory order and did not establish irrevocably the rights of the parties. It has since been dissolved by reason of the stipulation of dismissal. With the dissolution of the order, the constructive trust has been dissolved, as well. There are no trust proceeds against which a lien may be enforced.
*122 Mr. Cellai asserts that the dissolution of the construction trust in exchange for a $7,500.00 overall settlement is akin to fraudulent conveyance, such that the Court should refuse to recognize its validity. The Court sees no evidence of fraudulent conveyance. If Mr. Cellai lost anything by way of the settlement, plaintiff lost even more. She would have had no reason to accept the settlement unless she thought that it was to her overall benefit.
Equally as important, plaintiff, in effecting the settlement, did not, in reality, forgo $43,782.50 in order to receive $7,500.00. In fact, subsequent to ruling on the motion for summary judgment, the Court amended its Memorandum of Decision and Order to note that some of the insurance proceeds covered losses on personal property and that, upon determination of what portion was attributable to personalty, that amount would have to be deducted from the amount held in the constructive trust. As it turns out, $17,766.0t> was apportionable to personally. In addition, another $2,626.94 was owed to the public adjuster. Hence, the net amount of the proceeds held in trust was $23,489.00.[1] Moreover, still to be deducted form this amount were monies expended relative to the property by the estate for the benefit of plaintiff after the date of the decedent’s death. Those monies (the exact amount of which is unknown to the Court) included the cost of repairs made by the estate to the property, maintenance' of the properly, and most significantly, real estate taxes paid to the Town of Somerset in order to avoid foreclosure on plaintiffs title.[2] Payment of those expenses had been agreed to by the residuary legatee as an accommodation to plaintiff, in order that the premises not fall into neglect. Thus, it is by no means certain that plaintiff would have recovered any proceeds from the constructive trust after all deductions had been taken.
Lastly, the issue raised by way of the motion for summary judgment was novel. Decedent’s executor had indicated his intention to appeal the Court’s order. If he succeeded in his appeal, no constructive trust would have existed at all. Plaintiff might well have found herself in a position where, considering expenditures made by the estate on behalf of the property, it was she who would have owed money to the estate.
Against this backdrop, the overall settlement of $7,500.00 is understandable. Mr. Cellai asserts that is still inadequate because plaintiffs claim for the loss of personal property amounted to $30,000 and she also had a claim for personal injuries. However, both claims were subject to various defenses, including the defense of comparative negligence. Moreover, the claim for her personal injuries was subject to a medical providers lien in the range of $7,500.00¶$ 15,000.00 which ultimately was negotiated down as part of the agreement.
Ultimately, the Court cannot find a hint of fraud in the $7,500.00 settlement. It simply appears that successor counsel valued the case differently than did Mr. Cellai.
2. Recovery Against the Settlement Proceeds
The question remains, if the insurance proceeds are beyond reach, are the proceeds of the settlement, at least, subject to the attorney’s lien. The Court concludes in the negative. Although a proceeding conducted pursuant to G.L.c. 221, §50 is in the nature of an action to reach and apply and is subject to many of the same legal principles, it is not as broad as a reach and apply proceeding. Recovery is limited to the proceeds derived from “a judgment, decree or other order in [the] client’s favor entered or made in the [case].” Here, there has been no such judgment, decree or order. The case simply has been dismissed.
There is little Massachusetts authority determining whether an attorney may, under §50, reach the proceeds of a settlement where the case itself has concluded with a stipulation of dismissal. In Gagne v. Cedar Development, Inc., 32 Mass. App. Dec. 71, 76 (1960), the Appellate Division of the District Court stated, by way of dictum:
... we state our opinion that the statutory attorney’s lien may not be defeated by a secret settlement between the parties without the knowledge of the plaintiffs attorney and that the lien may attach to the proceeds derived from the settlement, as it would the proceeds of a judgment.
However, more recently, the United States Bankruptcy Court for the District of Massachusetts came to the opposite conclusion. In re: Leading Edge Products, Inc., 121 B.R. 128, 129-31 (D.Mass. 1990). This Court feels constrained to follow the plain meaning of the language contained in §50 and, for that reason, adopts the position of the Bankruptcy Court.[3]
3. Recovery Against the Residence Itself
Lastly, Mr. Cellai seeks to recover against the dwelling which passed to plaintiff by way of the decedent’s will. That passing occurred independent of anything that happened in this case. The Court is without power to enforce a lien against the property.
ORDER
Accordingly, the Court determines that there is no property in this case against which an attorney’s lien may be enforced on behalf of Mr. Cellai.

his figure was agreed to Mr. Cellai at the hearing on the instant motion.

Plaintiff, of course, took title and was responsible for those sums as of the date of death. See generally Massachusetts Practice Series, Vol. 21, §9.2-9.4 (1997).

Although the Court is aware of cases where an attorney has been allowed to reach the proceeds of a settlement, those cases involve the application of statutes that differ materiality from §50. E.g., Woodbury v. Andrew Bergens Co., 69 F.2d 49, 50-51 (2nd Cir. 1934); Katopolis v. Liberian S/T Olympic Sun, 282 F.Supp. 369 (D.Va. 1968); Monsanto Chemical Co. v. Grandbush, 162 F.Supp. 797, 802 (D.Ark. 1958).